### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF

# NORTH DAKOTA

---

FIRST INTERNATIONAL BANK of Esmond, North Dakota, v. GEO. H. DAVIDSON and William Braithwait.

(161 N. W. 281.)

**Defense — answer — sufficient to inform plaintiff of — trial — other defense — relied upon — plaintiff unable to meet — surprise.**

1. Where an answer fairly apprises a plaintiff that a certain defense will be made, and upon the trial another defense is mainly relied upon, which plaintiff is unable to meet, the circumstances warrant the trial court in holding that plaintiff is taken by surprise.

**New trial — newly discovered evidence — ground for — witness who was present in court — former trial.**

2. The newly discovered evidence presented as a ground for new trial may be that of witnesses who were present in court.

**New trial — order granting — reversed — court not so inclined — discretion — abuse of.**

3. This court is reluctant to reverse orders granting new trials, and will only do so where abuse of discretion is clearly shown.

**Discretion — abuse of — new trial — record.**

4. Record examined and *held* that abuse of discretion is not shown.

Opinion filed January 16, 1917. Rehearing denied February 8, 1917.

Appeal from the District Court of Benson County, *C. W. Buttz,* J. Affirmed.

36 N. D.—1.

*Asa J. Styles,* for appellants.

Accident or surprise under our statute is an entirely separate ground for new trial, distinct from newly discovered evidence, and there seems to be no showing of such alleged accident or surprise. Josephson v. Sigfusson, 13 N. D. 317, 100 N. W. 703.

Where a litigant claims on trial to be taken by surprise his remedy is by motion for continuance. He must be blameless himself. Ibid.

The court abused its discretion in granting a new trial. Seymour v. Davies, 32 N. D. 514, 156 N. W. 112.

On the question of newly discovered evidence, there is no showing of diligence of any kind or degree. Heyrock v. McKenzie, 8 N. D. 602, 80 N. W. 762; McGregor v. Great Northern R. Co. 31 N. D. 492, 154 N. W. 261; Josephson v. Sigfusson, supra.

*Torger Sinness* and *Clyde Duffy,* for respondent.

Where the applicant for a new trial was surprised by evidence offered by his adversary, then knew of no evidence to refute it, he cannot be charged with negligence in not having produced at the trial, evidence of that character, since discovered. The evidence of which complaint is made was not anticipated, because not pertinent to the issues then made in the case. 29 Cyc. 895.

It is the general rule that a motion for a new trial, upon newly discovered evidence, or accident or surprise, is addressed to the discretion of the court, and the order granting a new trial will only be reversed for clear abuse of such discretion. Patch v. Northern P. R. Co. 5 N. D. 55, 63 N. W. 207; Gull River Lumber Co. v. Osbrone McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Citizens Bank v. Schultz, 21 N. D. 551, 132 N. W. 134; Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416; Seymour v. Davies, 32 N. D. 504, 156 N. W. 112; Nelson v. Squire, 32 N. D. 479, 155 N. W. 1090; Dobberstein v. Emmet County, — Iowa, —, 155 N. W. 815.

But the order granting a new trial can be sustained on other grounds. The answer only prayed for a dismissal of the action. There appellants were not entitled to either a return of the property or an alternative

money judgment. Comp. Laws 1913, § 7635, ¶ 3; Peck v. Bonebright, 75 Iowa, 98, 1 L.R.A. 155, 39 N. W. 213; Doyle v. Dixon, 97 Mass. 208, 93 Am. Dec. 80; Dunning v. Crofutt, 81 Conn. 101, 70 Atl. 630, 14 Ann. Cas. 337.

If a special verdict fails to find material facts within the issue which were established by the evidence, the remedy is not by a motion to coerce the jury into making such a finding, but by motion for new trial by the aggrieved party. Pittsburgh, C. C. & St. L. R. Co. v. Montgomery, 152 Ind. 1, 69 L.R.A. 875, 71 Am. St. Rep. 301, 49 N. E. 582.

Where plaintiff recovers on a different cause of action from that set out in the complaint, the verdict and judgment are contrary to law, and a new trial should be awarded. Montezuma v. Wilson, 82 Ga. 206, 14 Am. St. Rep. 150, 9 S. E. 17; Floody v. Great Northern R. Co. 102 Minn. 81, 13 L.R.A.(N.S.) 1196, 112 N. W. 875.

BIRDZELL, J. Plaintiff and respondent asserted a right to the possession of a certain mare and colt as mortgagees of one John Richter. Defendants and appellants claimed the right to possession of the same mare and colt under a subsequent mortgage. Plaintiff's action was accompanied by claim and delivery proceedings under which the posession of the mare and colt was taken from defendants. Separate answers were interposed upon behalf of the defendants, which would reasonably apprise the plaintiff that defendants would raise a question as to whether plaintiff's and defendants' mortgages covered the same property. In the plaintiff's mortgage the property was described as "one iron gray mare . . . called Doll." Defendants claimed the property taken under a description referring to her as "a dapple gray." The case was tried before a jury and a verdict returned for the defendants, the jury finding that defendants were entitled to a return of the mare and colt described in the complaint, and, in case a return could not be had, that defendants should recover from the plaintiff the full value of the animals, namely, $200. A motion for a new trial was made in the court below, based upon the statement of the case and upon the grounds of surprise and newly discovered evidence. The motion was supported by affidavits of Torger Sinness, plaintiff's attorney, and by John Duffy and Matthew Duffy, two of

plaintiff's witnesses. These affidavits set forth the circumstances show-ing the plaintiff's surprise and also the newly discovered evidence. The trial court granted a new trial mainly upon the grounds of sur-prise and newly discovered evidence. From the order granting a new trial the defendants appeal to this court. The question to be decided upon this appeal is whether or not the trial court abused its discretion in granting the new trial.

We are aware of appellants' contention that certain errors in the verdict should have been corrected without a new trial. These errors consist in giving the defendants a verdict in excess of their special property as mortgagees, and in finding in favor of Braithwait as well as in favor of Davidson in the absence of proof of any property interest in Braithwait. If, however, there was ample support for an order granting a new trial, based upon the grounds of surprise and newly discovered evidence, the order of the trial court should be affirmed, regardless of the fact that other errors might have been corrected with-out a new trial.

The answer interposed on behalf of defendant Davidson contains this paragraph:

"Defendant further alleges that the mare attempted to be described in the complaint is a dapple gray, and not an iron gray, and alleges that this defendant has a valid chattel mortgage upon the same, correct-ly describing her as a dapple gray mare, duly witnessed and filed, and that under and by virtue of same this defendant was rightfully in possession of same. . . ." Plaintiff would have inferred from this answer that the main issue would be as to whether or not its mort-gage covered the mare which it had taken from Davidson, and that this issue would probably turn upon the description. Subsequent facts, as shown by the defendants' own witnesses, demonstrate that the plaintiff was justified in this assumption, for it clearly appears from such testi-mony that the only gray mare that would at all answer the description employed in plaintiff's mortgage was the mare which plaintiff claimed. Upon the trial plaintiff attempted to establish that the mare it had taken in the claim and delivery proceedings was the one described in its mortgage. Defendants, by three witnesses, established that John Richter, the mortgagor, had been the owner of an iron gray mare named Doll, which had died in the year 1908, two or three years before the

mortgage was given to the plaintiff, and that the mare which the plaintiff had taken belonged to Martin Richter, a son of John Richter; that Martin Richter had consented to his father's mortgaging the same to Davidson, and that he never had consented to the plaintiff's mortgage. This testimony raised an issue that was apparently quite different from the isssue that one would anticipate from a fair construction of the answer. Appellants' own witnesses testify that the mare upon which it is claimed the plaintiff held a mortgage had died long before the mortgage was given. Since one of the gray mares was long since dead, and since there was but one living that answered the description, we do not see how appellants can reasonably contend that John Richter did not intend to mortgage to the plaintiff the mare which the plaintiff has taken. Certainly we will not attribute to John Richter an intention to mortgage the dead mare. In this situation, the issue does not resolve itself into a question of identity, but into a question of the ownership of the mare which plaintiff has seized. The question is, Is she the mare of John Richter, or of his son, Martin Richter? Plaintiff had no occasion to anticipate this issue, and the plaintiff's attorney in his affidavit states his surprise and his inability to meet the issue at the time. We think that he made a proper appeal to the discretion of the trial court for the granting of a new trial.

It is contended that, as the witnesses by whose testimony the plaintiff proposed to meet the issue of the ownership of the mare in question were in court during the trial, the plaintiff's attorney should have discovered what their testimony would be. What constitutes due diligence on the part of counsel in the circumstances was a proper question for the consideration of the trial court; and in view of the fact that the case was tried and sent to the jury without any adjournment, we cannot say that the trial court abused its discretion in determining that question favorably to the respondent. Defendants must have been cognizant of the nature of the defense that would be made long before the trial, and had the defense been fairly stated instead of having been stated in a manner wholly misleading, much of the appellants' complaint against the granting of the motion for a new trial would come with better grace.

The question of the proper exercise of discretion in granting new trials on grounds of newly discovered evidence is so fully covered in

the opinion written by Mr. Justice Christianson, in the case of Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419, that it is not necessary to enter into an extended discussion upon this appeal. We will only reiterate the underlying principles of this decision, which are that the appellate court will not interfere unless a manifest abuse of discretion is shown, and that the appellate court is much more reluctant to interfere in a case where a new trial has been granted than where it has been denied. We are satisfied that it has not been demonstrated that the trial court abused its discretion in granting a new trial, and the order appealed from is affirmed.