GUST ECKSTRAND, Respondent, v. GUST JOHNSON, Appellant.

(168 N. W. 824.)

**New trial — motion for — ground of — newly discovered evidence — judicial discretion of court — addressed to — decision will not be disturbed — unless abuse of discretion is shown.**

1. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and its ruling on the motion will not be disturbed, unless a clear abuse of discretion is shown.

**Trial court — new trial — motion for — discretion.**

2. In the instant case it is *held* that the trial court did not abuse its discretion in denying a new trial.

Opinion filed August 3, 1918.

Appeal from the District Court of Mountrail County, *Fisk,* J.

Defendant appeals from an order denying a new trial.

Affirmed.

*J. C. Adamson* and *H. S. Blood,* for appellant.

On a motion for a new trial based on the ground of newly discovered evidence, and the showing is such that on a new trial the jury ought to return a different verdict, the motion should be granted. Where the plaintiff declares upon an express contract to pay a specific price or sum, he must prove the contract as alleged, or fail. Lowe v. Jensen (N. D.) 132 N. W. 66; 9 Cyc. 749 and cases cited.

*Combs & Ritchie,* for respondent.

The question here is not whether a new trial should be granted, or not, but whether or not the trial court exercised its sound, judicial discretion, or abused it, in denying the motion for a new trial. Such

a motion, made on the ground of newly discovered evidence, is addressed largely to the discretion of the trial court, and its decision will not be disturbed, unless abuse clearly appears. Aylmer v. Adams (N. D.) 153 N. W. 419.

"The test of what is within the discretion of the court has been suggested by the question, 'May the court properly decide the point either way?' If not, then there is no discretion to exercise." Hayne, New Trial & Appeal, ¶ 289, p. 1650.

The question of granting or refusing a new trial, where the motion is based upon such ground, is primarily a question for the trial court. The function of the appellate court on this appeal is merely to review the ruling of the trial court on the motion, and such review is limited to a determination of the question of whether, in denying a new trial, the trial court abused its discretion and thereby brought into exist- ence an injustice. State v. Cray (N. D.) 153 N. W. 425; Aylmer v. Adams, 153 N. W. 419; McGregor v. Gt. Northern R. Co. 154 N. W. 261; Fisk v. Fehrs, 155 N. W. 676; Nor. Trust Co. v. Bruegger, 159 N. W. 859; Keystone Grain Co. v. Johnson (N. D.) 165 N. W. 977.

CHRISTIANSON, J. Plaintiff brought this action to recover for cer- tain work and labor performed by him for the defendant during the year 1915. In his complaint, plaintiff alleges that he performed such work and labor "for the defendant at the agreed price and actual value of $291.05," and that there remains due, after allowing credit for payments made, the sum of $205.80, with interest. The defendant in his answer admits that he hired the plaintiff and that plaintiff per- formed certain services, but "specifically denies that there was any agreement as to the compensation which defendant was to pay said plaintiff for the work, labor, and services which he performed while in defendant's employ." And defendant alleges that the services performed were of the reasonable value of $176.16, and no more, and that defendant has paid the plaintiff in the aggregate the sum of $115.15, and that consequently he is indebted to the plaintiff in the sum of $61.01, and no more.

Upon the trial, the plaintiff testified that he performed the serv- ices for the defendant under a specific agreement whereby the defend-

ant agreed to pay certain amounts for the services to be performed. The defendant, on the other hand, testified that he made no agreement as to the compensation to be paid. The defendant called one Ross, who claims to have been present when the defendant hired the plaintiff, and Ross testified that nothing was said at that time with respect to the compensation to be paid the plaintiff for his services. The defendant also called one Matson, who testified that the plaintiff had told him that he did not know how much he was to receive for his services. The plaintiff denied such conversation.

The only question contested upon the trial was whether there was an agreement between the plaintiff and defendant as to the compensation to be paid to the plaintiff for his services. The evidence related to this question, and neither party offered any evidence as to the reasonable value of the services. The case was tried to the court, without a jury. The court made findings of fact in favor of the plaintiff to the effect that the defendant had promised to pay the plaintiff $291.05 for the services performed, and that defendant had made payments aggregating $95.15, leaving a balance due the plaintiff of $195.90. Judgment was entered in plaintiff's favor for the sum found due. After judgment, the defendant moved for a new trial on the ground of newly discovered evidence. The newly discovered evidence which defendant proposes to adduce upon a retrial of the action is that of one Ross and one Ostlund. Ross makes affidavit to the effect that three or four weeks after the work involved in this action had been done, he had a conversation with the plaintiff, Eckstrand, and that in such conversation the plaintiff stated that he had no contract as to the amount he was to receive for the work which he had performed for the plaintiff, and asked Ross what he thought the defendant would be willing to pay therefor. The affidavit of Ostlund is to the effect that he had a conversation with the plaintiff after some of the work involved in this action had been performed, and that in such conversation the plaintiff asked what he (Ostlund) thought such work was worth and how much he thought the defendant, Johnson, "would stand therefor;" that he (plaintiff) had no agreement with the defendant as to how much he was to receive for doing such work, but that he was going to charge the defendant $5 per day for the time he worked as a stone mason in laying the foundation under a certain

hotel building, for the reason that the defendant had discharged the plaintiff from his employ. There is also an affidavit from the defendant to the effect that he had no knowledge of such proposed new evidence at the time of the trial of the action. It will be noted that the witness Ross testified upon the trial of the action. He then testified that he was present when the defendant hired the plaintiff to perform the work involved in this action, and that there was no agreement made as to the wages to be paid by the defendant to the plaintiff for the work to be performed. Manifestly, the proposed additional testimony of Ross with respect to the subsequent conversation had with the plaintiff would add little, if any, force to his former testimony.

The sole question presented for determination on this appeal is whether the court erred in denying defendant's motion for a new trial. It is elementary that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court. "The rules applicable to new trials on discretionary grounds, and the respective functions of trial and appellate courts on such motions have been so fully discussed by this court in several recent decisions that little [if anything] remains to be said in regard thereto. (See Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141; State v. Cray, 31 N. D. 67, 153 N. W. 425; Blackorby v. Ginther, 34 N. D. 248, 158 N. W. 354; First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147.)" Keystone Grain Co. v. Johnson, 38 N. D. 562, 165 N. W. 977.

Whether a new trial ought to be granted is primarily a question for the trial court. The function of this court on appeal is merely to review the ruling of the trial court on the motion, and such review is limited to a determination of whether the trial court abused its discretion and effected an injustice by denying a new trial. The discretion vested in the trial court should always be exercised in the interest of justice. The presumption is that it was so exercised. Even if all the newly discovered evidence had been offered and received at the trial, the findings of the trial court would still have substantial sup-

port in the evidence. And evidently the trial court, after considering the proposed newly discovered evidence and weighing the same with the evidence adduced upon the trial, was of the opinion that its former findings were correct and that substantial justice had been accomplished at the former trial. We are entirely agreed that the trial court in no manner abused its discretion in denying a new trial in this case.

The order appealed from must be affirmed. It is so ordered.

ROBINSON, J. (concurring specially). The plaintiff avers that at Van Hook, North Dakota, between April 1 and September 1, 1915, he performed work, labor, and services for and at the request of defendant at the agreed price and reasonable value of $291.05; that no part of the same has been paid excepting a few small sums amounting to $85.25.

By answer defendant denies an express agreement in regard to the rate or amount to be paid for the services. He admits that plaintiff did perform labor and services for him and at his request, of the reasonable value of $176.16, and no more. He avers payments to the amount of $115. The case was tried by the court and judgment was given in favor of the plaintiff for $208.90. A motion for a new trial was denied. It was made on the ground of newly discovered evidence as disclosed by the affidavits of the defendant himself, Anton Ross, and Andrew Ostlund. The affidavits are of no force or consequence. They do not relate to the merits of the case.

The case was tried on the erroneous theory that plaintiff could not recover on proof showing the reasonable value of his services. That his recovery, if any, must be on proof showing an agreement to pay a fixed rate or compensation. The proposed newly discovered testimony is to the effect that there was no express agreement regarding the compensation. The complaint very properly alleges that the services rendered were worth a definite sum and that defendant promised to pay the same, and under the pleadings the plaintiff had a perfect right to show the reasonable value of his services and also an express agreement to pay the amount claimed and to recover the reasonable value in case he failed to prove an express agreement.

The purport of the affidavits for a new trial is merely that there

was no express contract concerning the rate of wages. There is no testimony given on the trial or in the affidavits that plaintiff did not do the work as alleged and that the work was not reasonably worth the sum claimed. The plaintiff testified to an express agreement to pay a stated compensation. He kept a book showing the days and dates, and the hours of his work, and the express rate or value of his services, and the several amounts paid him. As a mason his work was 50 cents an hour, or $5 a day; as a carpenter the rate was 35 cents an hour; as a common laborer, 30 cents an hour; and from that he paid his own board. He shows that he is by trade a mason and that during ten years he has worked at the trade nearly all the time. His testimony is .in every way clear, direct, and convincing, and his charges are modern and reasonable. And hence, the alleged express agreement as testified to by the plaintiff is highly probable. Obviously, there is no merit in the defense or in the alleged newly discovered evidence.