FARMERS ELEVATOR COMPANY, a Corporation, Respondent,
v. YARL FRISTAD, Appellant.

(203 N. W. 675.)

**Appeal and error — order granting new trial not set aside, except for manifest abuse of discretion.**

1. An order granting a new trial will not be set aside on appeal, except for manifest abuse of discretion.

**New trial — granting new trial held not abuse of discretion in view of evidence.**

2. The evidence is examined and it is *held* that the trial court did not abuse its discretion in granting a new trial.

Opinion filed April 24, 1925.

Appeal and Error, 4 C. J. § 2816 p. 833 n. 57. New Trial, 29 Cyc. p. 1009 n. 54.

Appeal from the District Court of Morton County, *Berry, J.*
Affirmed.

*Crum & Crum,* for appellant.

---

Note.—Review of discretionary granting of new trial, see 2 R. C. L. 217; 1 R. C. L. Supp. 453.

52 N. D.—32.

Although trial courts are vested with a large discretion in granting or refusing new trials, such discretion is a legal discretion, and appellate courts will not hesitate to interfere for the protection of litigants in a clear case of abuse of such discretion.    Olson v. Riddle, 22 N. D. 144.

It is the peculiar province of the jury to determine the credibility of witnesses and weigh the evidence, and a verdict will not be set aside merely because the court, if trying the question of fact, would have found differently.    A verdict must be manifestly and palpably wrong to justify a new trial.    14 Enc. Pl. & Pr. p. 772; Curtis v. Pribye, 38 Okla. 511, 134 Pac. 71; Corbett v. Physicians Casualty Asso. 135 Wis. 505, 115 N. W. 365; Kelly v. Lum, 75 Wash. 135, 134 Pac. 819.

*L. H. Connolly* and *Sullivan, Hanley & Sullivan,* for respondent.

The rule, indeed, seems to be well established that the granting of a new trial for insufficiency of the evidence to support the verdict is within the trial court's discretion, unless no conclusion can be drawn from the evidence except one favorable to the party for whom the verdict was found.    Bledsoe v. Decrow, 132 Cal. 312, 64 Pac. 397.

BIRDZELL, J.    This is an appeal from an order of the district court granting a new trial.    The complaint alleges that on the 23rd of October, 1923 the defendant sold to the plaintiff 105 bushels of flax, falsely and fraudulently representing himself to be the owner thereof; that the plaintiff relying upon the representations of the defendant paid the latter $216.30.    It then alleges that in truth and in fact the flax was the property of one Iver Sakshaug and was subject to a chattel mortgage previously given by said Iver Sakshaug to the Bingenheimer Mercantile Company as security for the payment of $3709.18.    In the answer the defendant takes issue with the allegations of fraudulent representations and of the ownership of the flax, and alleges that the flax was the property of the defendant.    Upon the trial it appeared that one Iver Sakshaug farmed a large tract of land; that he had become indebted to the Bingenheimer Mercantile Company in excess of $3,000.00; that in the year 1921 he had given a crop mortgage to secure said indebtedness covering the crops to be grown and harvested in the year 1922 on sections 10 and 11, in township 141, range 81 West.    In July, 1922 an agent of the Bingenheimer Mercantile Com-

pany called upon Iver Sakshaug at about 11 o'clock at night and obtained from him a crop mortgage covering crops to be grown and harvested in the year 1932 upon sections 10, 11 and 14, in Township 141, range 81 to secure the same indebtedness. · The flax in question was grown upon a quarter section of land in section 11, which had been owned by one Johns. Johns died in August, 1923 and his widow testified that Iver Sakshaug had charge of the quarter section in question in the spring and summer of that year. Ingvold Sakshaug, son of Iver Sakshaug, who in 1923 was about nineteen years of age, testified that he had furnished the seed flax, purchasing it from one Smith at Sanger; that he had caused the ground to be prepared for seeding the crop; that he had had his father put the flax in and look after the crop; that he harvested it through his father; that he had had the crop threshed and had paid the thresher with flax, and that he had sold the flax in question to the defendant for $175.00; that he had an understanding with George Johns, the owner of the land, that he could plant anything on breaking until the land was in shape for hay meadow; that this understanding was a verbal one and dated back to 1920; that previous to 1922 he and his father worked on the Johns land together; that the crop grown on the Johns land in 1922 was fed to the stock on his father's place; that he (Ingvold) was working in the store at Price.

He further testified, as did also other witnesses, to the sale of the flax to the defendant Fristad in substantially the following circumstances; that the flax was threshed on October 22nd; that he and Fristad were present when the threshing was completed and that he sold it to Fristad for $175.00 taking a check from the latter for the amount drawn on a bank in which Fristad had no funds. The exact time of day (4:30 P. M.) as written on the check and the next day the flax was hauled to an elevator at Harmon some seven miles distant; whereas there was an elevator at Price some three miles distant. The flax was worth $41.00 more than Fristad paid for it. Fristad was not a regular grain buyer, although he apparently sought to give that impression while on the witness stand. There was further evidence that the Bingenheimer mortgage was discussed at the time of the sale from Ingvold Sakshaug to Fristad and that there was an expressed desire on Ingvold's part to defeat that mortgage. Under all the evidence in the

case showing the suspicious circumstances surrounding the transaction between the defendant Yarl Fristad and Ingvold Sakshaug, we think there was ample ground for the exercise of a discretion on the part of the district court in ruling on the motion for a new trial and that such discretion might well have been exercised, as it was, in favor of the plaintiff. It is well settled in this jurisdiction that an order granting a new trial will not be set aside unless there is a manifest abuse of discretion. Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690; First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281.

The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, and BURKE, JJ., concur.