This is an appeal from an order granting a new trial. The action is one in conversion. The plaintiff claims that defendants converted grain upon which it held a crop mortgage executed by one Overholt. In their answer defendants deny that the plaintiff has a mortgage upon the grain in controversy; and allege that such grain was raised on certain lands which were included in plaintiff's mortgage by reason of a mutual mistake of Overholt (the mortgagor) and the plaintiff (the mortgagee). There was a verdict for defendants for a dismissal of the action. Plaintiff, thereupon, moved for judgment notwithstanding the verdict or for a new trial upon the grounds (1) Insufficiency of the evidence to justify the verdict, and that it is against the law; (2) error in law occurring at the trial.
The trial court ordered a new trial and defendants have appealed. With the order for a new trial, the district court filed a memorandum opinion specifying certain errors of law which, it was said, required that a new trial be had.
On this appeal appellants' argument has been devoted to an attack on the grounds so specified by the trial court. The record in this case, however, shows that the motion for a new trial was based on grounds other than those referred to by the trial judge in his memorandum opinion — grounds which in our opinion would have justified the trial court in ordering a new trial. Thus, the record shows that at the close of plaintiff's case, defendants were permitted, over plaintiff's objection, to amend their answers in certain material matters; also, that certain of the grain in suit was raised on lands other than those which the defendants claimed were inserted in the mortgage by mistake. Upon the entire record we are of the opinion that the trial court was entirely justified in concluding that the ends of justice would be least subserved by setting aside the verdict and ordering a new trial. Hence, the order appealed from must be affirmed.
"Upon an appeal from an order granting a new trial, when the motion is made upon several grounds, the question is not whether the trial *Page 584 
judge was warranted in granting it upon a single ground, or upon a particular ground referred to by him in his order, but is rather whether upon the whole record and upon any of the grounds urged, it should have been granted. The presumption is that the order was properly granted, and the burden upon the appellant to show that none of the grounds urged in the motion was sufficient. . . . .
"It is also well settled that an order granting a new trial will not be reversed merely because the trial judge assigned an erroneous reason for making it. It is the correctness of the order, and not the reason assigned for it by the trial judge, that is to be reviewed in this court, and it is only when all of the grounds urged in support of the motion are insufficient that it will be reversed." Davis v. Jacobson, 13 N.D. 430, 101 N.W. 314.
Order affirmed.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.