PETER OLSEN, Appellant, v. JOHN A. WETZSTEIN and Frank E. Wetzstein, Copartners, Doing Business under the FirmName and Style of Mandan-Bismarck Bus Line, Respondents.

(215 N. W. 280.)

**New trial — granting of motion is discretionary with district court where adequate grounds exist.**

1. A motion for a new trial is addressed to the sound discretion of the court and where the specifications of error, upon which the motion is based, are such that a new trial may be granted, the same will not be disturbed unless an abuse of discretion is shown.

**New trial — discretion not abused in instant case.**

2. The record in this case is examined, and it is *held* that no abuse of discretion has been shown.

Opinion filed September 28, 1927.

Appeal and Error, 4 C. J. § 2813 p. 830 n. 45; § 2820 p. 837 n. 89.  New Trial, 29 Cyc. p. 1008 n. 48.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Affirmed.

*Crum & Crum,* for appellant.

"On motion to set aside the verdict of a jury for misconduct, the evidence must be derived from the affidavits of persons other than the jurors, for while the affidavit of a juror may be received in support of his verdict, it will not be received to impeach it." Wait, New York

Annotation.— (1)  Application for new trial addressed to discretion of trial court, see 20 R. C. L. 227; 3 R. C. L. Supp. 1046; 4 R. C. L. 1347; 5 R. C. L. Supp. 1091; 6 R. C. L. Supp. 1199.

Practice, 3d ed. p. 187; Green v. Bliss, 12 How. 428; Clum v. Smith, 5 Hill, 560; Dana v. Tucker, 4 Johns. 489.

"No rule of law is better settled than that the evidence of jurors is not to be allowed for the purpose of impeaching or in any way impairing the effect of the verdict." People v. Hartung, 17 How. Pr. 87.

Affidavits of jurors are inadmissible to impeach their verdict. Sanitary Dist. v. Cullerton, 147 Ill. 385, 35 N. E. 723; 4 Wigmore, Ev. §§ 2345, 2348, 2349, p. 3271; Cohen v. Wyngarden, 48 N. D. 344, 184 N. W. 575.

*O'Hare & Cox,* for respondents.

"The affidavits of jurors are always received to show attempts so dangerous to justice, though not to disclose the effect which such attempts have had upon their own minds or those of their fellows." 2 Thompson, Trials, 2d ed. p. 1841.

"A juryman may testify to any facts bearing upon the question of the existence of any extraneous influence, although not to show how far that influence operated on his mind. So a juryman may testify in denial or explanation of acts or declarations outside of the jury room where evidence of such acts has been given as grounds for a new trial." Woodward v. Leavitt, 107 Mass. 453.

"Jurors may testify to any facts showing attempts of others to influence their verdict; but they may not testify as to the effect upon them of such attempts. It is for the court to determine whether or not the attempts shown are of a character that the verdict might have been improperly influenced thereby." Callahan v. Chicago, M. & St. P. R. Co. 158 Fed. 988.

"While a juror cannot be heard to impeach his verdict, yet he may unquestionably testify as to what the parties did and said upon the trial, and also as to any improper practices to corrupt the jury in its action, and the effect it may have had upon their decision." Spurck v. Crook, 19 Ill. 426.

BURR, J. This is an action wherein the plaintiff seeks to recover from the defendants damages for injuries received in a collision said to have been caused by the servants and agents of the defendants in driving a passenger automobile bus between the cities of Bismarck and Mandan. The defendants allege that whatever injuries were sustained

by the plaintiff were caused by plaintiff's own negligence, and his contributory negligence. The case was tried to a jury which returned a verdict in favor of the plaintiff in the sum of $5,500, and judgment for such sum and costs was entered in favor of the plaintiff and against the defendants on the 3d day of February, 1926. The defendants moved for a new trial, with nine specifications of error, among which is excessiveness of the verdict. This motion was heard on the 7th of April, 1926. On the 12th of May, 1926, the court handed down a memorandum opinion purporting to deny the motion, but no order overruling the motion was signed. A reargument was then had and again the court handed down an opinion unfavorable to the defendants.

On October 8, 1926, and before any order was signed by the court, the defendants moved to amend their motion for a new trial so as to include as one of the grounds the alleged misconduct of one of the jurors. This motion was heard on the 18th of October, 1926, and on the 8th day of November, 1926, the court rendered a memorandum decision sustaining the defendants' motion and on the 12th of November signed an order permitting the amendment and granting a new trial. The order granting a new trial does not specify upon what particular ground the motion was granted, but the memorandum opinion accompanying the same indicates that the court considered the alleged misconduct of the juror.

Plaintiff appeals from this order and sets forth four specifications of error to the effect that the court erred in permitting the amendment of the motion for a new trial, in granting a new trial, in considering the question of the alleged misconduct of the juror, and in making his own private examination of the latter.

It is well settled in this jurisdiction that "an order granting a new trial will not be reversed merely because the trial judge assigned a wrong reason for it. It is the correctness of the order, and not the reason assigned, that is involved upon the appeal." Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Security State Bank v. Security State Bank, 54 N. D. 582, 210 N. W. 83.

The court, in this case, does not specify in his order on what grounds he granted the new trial. There were ample grounds set forth in the motion independent of the amendment and its implications, and though the judge at one time may have considered that the verdict, while

large, should not be disturbed, yet he had a perfect right to change his opinion in this respect any time before he signed the order. He did sign an order granting a new trial and, unless there is a clear abuse of discretion in this matter, such order should not be disturbed. The amount of the verdict is such that it may readily be considered excessive. Therefore, we need not consider whether the court erred in permitting the amendment. Appellant has failed to show any abuse of discretion in granting the new trial and, therefore, the order appealed from is affirmed with costs.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.