CATHERINE LAWLER, Appellant, v. THOMAS OSE, Respondent.

(234 N. W. 390.)

Opinion filed January 2, 1931. Rehearing denied January 21, 1931.

*Sinness & Duffy,* for appellant.

*L. L. Butlerwick* and *Traynor & Traynor,* for respondent.

BURR, J. This is an appeal from an order granting a new trial. In 1929 the plaintiff sued the defendant on a promissory note given by the defendant and J. K. Harney to Dan Harney, dated April, 1913, and due December, 1918, with interest payable annually. After maturity the note came into the possession of the plaintiff, a sister of the payee. In her complaint she alleged partial payments had been made thereon in August, 1914, in March, 1920, and in February, 1924. An answer was interposed and the case submitted to a jury. The verdict was for the plaintiff and judgment thereon was entered for her.

The defendant made a motion for judgment notwithstanding the verdict or for a new trial, basing the application on several grounds among which are: "accident or surprise, which ordinary prudence could not guard against," and "newly discovered evidence material to the party making application, which he could not with reasonable diligence have discovered, and have produced at the trial." Much of the matter contained in the affidavits setting forth the alleged "newly discovered evidence" is inappropriate for this contention. However, the defendant in his answer raised the issue of the statute of limitations, specifically denying that he had at any time made any payments on this note.

Defendant was cashier of a bank in Brinsmade at the time of the alleged payments. In order to prove partial payments the plaintiff produced a witness, her sister-in-law, who testified: that in 1924 she was present in the bank when the defendant delivered cash to her husband, J. K. Harney the comaker, to pay on the note; that her husband took this cash and went to Minnesota to make the payments alleged; and that in 1920 the defendant was in her home and gave her husband cash for the same purpose. All this was denied by the defendant.

In the affidavits used as a basis for the motion for a new trial the defendant presented sworn statements tending to show that all of this testimony was false, that the defendant was not in Brinsmade at the time the witness testified the money was paid over, and that the husband did not go to Minnesota to make the payment, as alleged by her. These affidavits further tend to show that after the trial this witness admitted her testimony was false. The dates and amounts of payments by defendant depend on the testimony of this witness. The payee testified that J. K. Harney made payments at the time and in the amount alleged. However he admitted no endorsements were made on the note until he delivered it to his sister, the plaintiff; that this was after J. K. Harney died, and he could not tell the exact date he received the payments. He admits no payment was made by the defendant personally. J. K. Harney died before the trial. If the money were furnished by defendant for payment by him the rule laid down in Roles v. Roles, 58 N. D. 310, 225 N. W. 809, applies: but if payment were made by J. K. Harney himself, without authoriza-

tion by the defendant, the rule laid down in Langlie v. Loge, 59 N. D. 399, 71 A.L.R. 373, 230 N. W. 211 applies. There were rebutting affidavits filed and considered by the court.

We are not passing upon the merits of the issues set forth by these affidavits in contrast with the testimony given at the trial. Just why the cashier of a bank would deliver cash to his comaker for the latter to make payment, and not issue a check or draft and send it to the payee is a proposition suggested. Of course he might not want to appear as debtor and cloud his influence in his own bank. But he denies these payments in toto and denies he ever knew of or authorized any payments.

The matters raised however are vital to the issue of the running of the statute of limitations, and whether we consider the testimony challenged from the standpoint of accident or surprise against which the defendant could not guard at the trial, or the proposed testimony as newly discovered evidence vital to the issue it certainly is a matter which is material. There was nothing in the complaint indicating where or how the payments were made or the time in the month when made. The defendant had to wait until the time of trial to ascertain these facts. Some of them were within his own knowledge, it is true, such as the fact that he was not in Brinsmade at the time stated by the plaintiff in her testimony, but there is nothing in the record to indicate that the testimony of the other affiants should have been known to him at the time of trial, and his own affidavit is to the effect that he did not know. He did not ask for a continuance; but he did not know he could get testimony showing J. K. Harney did not go to Minnesota and make the payments alleged.

The court's memorandum opinion sets forth reasons for granting a new trial. If it be just to grant a new trial upon any of the grounds set forth in the application this court is not concerned with the reasons given. See Eddy v. Wells, 59 N. D. 663, 231 N. W. 785; Security State Bank v. Security State Bank, 54 N. D. 582, 210 N. W. 83; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

The court did not abuse its discretion in granting a new trial to permit the presentation of evidence, tending to show the witness mentioned admitted she gave false testimony on this vital issue, and tending to show the defendant did not and could not have made the

payment at the time claimed. The conflict in testimony as to payments by defendant is between the defendant and this witness. Unless he delivered this money to the husband of the witness he never authorized any payment and thus would not be bound by any payment received by the payee. There are features which would lead the court to believe the interests of justice would be better served by granting a new trial, and since the order is not against justice it is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.

## On Petition for Rehearing.

BURR, J. In her petition for rehearing appellant says the language used by this court in the beginning of the last paragraph of the opinion, to wit:

"The court did not abuse its discretion in granting a new trial to permit the presentation of evidence, tending to show the witness admitted she gave false testimony, etc." is misleading in this that it implies the trial court granted the new trial on the ground of newly discovered evidence and on the ground of accident or surprise, whereas the trial court said in the memorandum opinion:

"There was a square conflict of testimony and if the jury believed Mrs. Nellie Harney and the plaintiff's testimony then there was sufficient to justify the verdict. Defendant attempted at the trial to discredit her testimony, but apparently in vain and the verdict shows the jury believed the plaintiff's testimony and that being sufficient if believed the verdict cannot be set aside for that reason. Much effort is made upon this application to show further evidence to discredit the testimony of Mrs. Nellie Harney but all that is merely cumulative and corroborative of evidence already in the case and some like the conversation with Mrs. Harney since the trial, is newly created. Such cumulative or newly created testimony can hardly be used as the basis for a new trial or there never would be an end to litigation. Especially so in cases where that cumulative testimony does not indicate that there would be any different result upon the new trial."

"One of the contentions of the defendant is that he was surprised by the testimony of Mrs. Nellie Harney. Such surprise, however, cannot be made a base of a new trial. He knew that an attempt would be made to establish the payments set out in the complaint and it was up to him to be ready to meet it. A party must necessarily always take some chance on trial and even if some testimony is produced which a party was not expecting that is an exigency of the trial which he must endure. If a new trial were always granted on such a claimed surprise there would be no end to litigation."

The granting of a new trial did permit the presentation of this evidence said by the respondent to be newly discovered, etc. However, the trial court, in its memorandum opinion, says further:

"This new evidence may be such as to change the result of the trial. The court believes that a sufficient showing is made upon this newly discovered evidence by the defendant to allow it to exercise its discretion with regard to whether to grant a new trial or not. In the interests of justice the court exercises that discretion in the favor of a new trial, etc."

This is the statement of the trial court and is indicative of the court's attitude toward the showing made. This reference to the memorandum opinion shows why the trial court granted the new trial in the interests of justice to permit this evidence to be presented. The petition for rehearing is denied.

Burke, Ch. J., and Nuessle, Birdzell, and Christianson, JJ., concur.