[File No. 6033.]

CRANE-JOHNSON COMPANY, a Corporation, Respondent, **v.** PRAIRIE FIBRE COMPANY, a Corporation, Appellant.

(241 N. W. 593.)

Opinion filed March 8, 1932.

*Sullivan, Hanley & Sullivan,* for appellant.

52

*Sad & Duffy,* for respondent.

Burr, J. This is an appeal from an order granting a new trial on the ground of the insufficiency of the evidence to support the verdict and inflammatory, prejudicial statements made to the jury by counsel for the defense.

The plaintiff brought this action to recover goods and merchandise sold to the defendant for the sum of over two thousand dollars, claiming that over one thousand dollars remained due, and unpaid.

The answer admits the purchase of the goods and the making of payments thereon to the amount specified by the plaintiff. The defendant then alleges that as a corporation it was organized for the construction of a fibre mill at Cooperstown, that the citizens of said town agreed to purchase ten thousand dollars' worth of stock in the corporation, to be paid for in monthly installments, and that the goods were purchased from the plaintiff upon the agreement that the purchase price thereof was not to be due or payable until all of the stock was paid, and that there remains due and unpaid subscriptions in excess of forty-eight hundred dollars.

It will serve no useful purpose to set forth the testimony. Defendant paid one thousand dollars on the purchase price without, apparently, claiming payment was not due, and in answer to frequent duns for the remainder of the purchase price said nothing in its letters about these alleged terms of sale. There was testimony introduced to the effect that these were the terms of sale and there is contradictory testimony. It is true the jury found for the defendant; but the trial court

in its memorandum opinion, after referring to the salient features of the testimony, says, "The evidence is so unsatisfactory that the court feels in duty bound to grant a new trial."

It is the settled practice in this jurisdiction that the granting or denial of a new trial on the ground that the evidence is insufficient to sustain the verdict is within the sound judicial discretion of the trial court, and "its decision will not be disturbed except where an abuse thereof is clearly shown." See Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Kavanaugh v. Nestler, 45 N. D. 376, 177 N. W. 647; Farmers Elevator Co. v. Fristad, 52 N. D. 497, 203 N. W. 675; Olsen v. Wetzstein, 55 N. D. 794, 215 N. W. 280.

Such an order based on discretionary grounds will be sustained by the appellate court, even though the trial court could have reached a different conclusion upon the application. Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Baird v. Unterseher, 57 N. D. 885, 224 N. W. 306; Security State Bank v. Groen, 59 N. D. 431, 437, 230 N. W. 298. Such orders will not be reversed if any of the grounds set forth in the motion justify the order. Lawler v. Ose, 60 N. D. 280, 234 N. W. 390.

This court is always reluctant to reverse orders granting new trial, and will only do so where abuse of discretion is clearly shown. First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281. Thus orders granting a new trial stand upon a firmer foundation than orders denying a new trial. Kohlman v. Hyland, 56 N. D. 772, 777, 219 N. W. 228; Kavanaugh v. Nestler, 45 N. D. 376, 177 N. W. 647, supra.

The trial court held that the statements which counsel for the defendant made to the jury, and alleged by the plaintiff to be inflammatory and prejudicial, were in fact so. It is unnecessary to set forth the statements made. It is true counsel, in arguing a matter to a jury, is allowed a wide latitude of speech and that all "weapons of wit and satire and of ridicule are available to him so long as he keeps within the record." State v. Kent (State v. Pancoast) 5 N. D. 521, 67 N. W. 1032, 35 L.R.A. 518. The terms used by the counsel in this case, however, are not in any way founded upon facts in the case, nor are they capable of being deduced therefrom. The plaintiff did not, at the time the remarks were made or before the case was submitted to the

jury, specify the objectional portion of the argument, or ask to have counsel admonished, or jury instructed with reference thereto. Counsel "objected to the argument as prejudicial and asked the court for permission to have the argument reported." A portion of the argument, covering about a page and a half, is shown in the transcript and counsel for defendant stated "it will be understood that we object to all of his remarks." There is no ruling of the court shown.

It is not necessary for us to determine the prejudicial character of the statements made. The trial court heard the argument, and in the memorandum opinion considered it to be prejudicial. The presumption is the court was right in its interpretation, unless the contrary be shown.

However, we are satisfied the trial court did not abuse its discretion in granting a new trial on the ground of the insufficiency of the evidence. This being so the order appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.