[File No. 7271]

ARDENE HASER, by Irvin Haser, her guardian ad litem, Respondent, v. ELMER PAPE and Yellow Cab Company, a Corporation, Appellant.

(50 NW2d 240)

Opinion filed Nov. 30, 1951

*Rittgers, Hjellum & Weiss* and *Hyland & Foster*, for appellant.

*Sinness & Duffy*, for respondent.

MORRIS, Ch. J. The plaintiff brought this action for damages against Elmer Pape and the Yellow Cab Company, a corporation, alleging that while riding in a taxicab of the defendant corporation operated and driven by the defendant, Elmer Pape, an employee of the corporation, she was assaulted and raped by Pape and by another man. Pape defaulted for want of an answer. The defendant corporation answered denying liability upon several grounds, the chief one being that she was not a passenger of the taxicab company at the time she was assaulted and raped and that no liability devolved upon the defendant corporation for the injury that had befallen her. The trial court upheld this contention and directed a verdict of dismissal upon the ground that the contractual relationship of carrier and passenger between the plaintiff and the cab company was never created and upon the further ground that even though the plaintiff were a passenger, Pape was not acting within the scope of his employment as cab driver when he committed the assault. A verdict of $10,000.00 was returned against Pape. The plaintiff appealed to this court and we determined that it was prejudicial error for the trial court to direct a verdict in favor of the defendant cab company. Upon a retrial of the issues between the plaintiff and the Yellow Cab Company, pursuant to our

order, the jury returned a verdict of $650.00 in favor of the plaintiff but allowed no interest thereon.

The plaintiff moved for a new trial upon three grounds, only two of which are involved in this appeal, namely:

"2. Insufficiency of evidence to justify the verdict, and that it is against law.

"3. That the verdict is so inadequate as to be a plain disregard by the jury of the instructions of the Court, and was rendered under the influence of prejudice."

The trial court granted the plaintiff's motion upon the ground that the verdict was inadequate. He filed a memorandum opinion in which he reviewed the evidence and reached the conclusion that "The verdict returned is clearly, in the Court's mind, grossly inadequate."

The Yellow Cab Company appeals and challenges the order granting a new trial on two major points. It contends that inadequacy of a verdict is not a ground for new trial in this state. It further contends that if inadequacy of the verdict is a ground for new trial, it does not appear under the evidence in this case that the verdict is inadequate or that the evidence is insufficient to justify the verdict.

We will first consider the question of whether, in this state, a trial court has the power to vacate a verdict and grant a new trial because, under the evidence, the verdict is inadequate. Section 28-1902 RCND 1943 sets forth statutory grounds upon which a verdict may be vacated and a new trial granted. Paragraph 5 of this section provides that a new trial may be granted for "Excessive damages appearing to have been given under the influence of passion and prejudice, . . . ." Under paragraph 6 of this section a new trial may be granted for "Insufficiency of the evidence to justify the verdict or other decision, or that it is against law; . . . ."

This court has held that the grounds for new trial specified in Section 28-1902 RCND 1943 are exclusive and that it is error on the part of the trial court to grant a new trial, unless based upon at least one of the causes specified in this section. Baird v. Kensal Light & Power Co., 63 ND 88, 246 NW 279; Dubs v.

Northern Pacific Railway Co., 47 ND 210, 181 NW 606; Higgins v. Rued, 30 ND 551, 153 NW 389.

. The appellant vigorously argues that the court set aside the verdict because he felt that it was for too small an amount, and that the inadequacy of the verdict is not a statutory ground for granting a new trial and the court therefore erred in making the order. While the causes for granting a new trial set out in Section 28–1902 RCND 1943 are exclusive, a cause relied upon need not be set out in the words of the statute. Bradley v. Krogen, 67 ND 108, 270 NW 93.

This court has never passed squarely upon the question of whether a verdict not justified by the evidence because of inadequacy may be the basis for granting a new trial. In Butler v. Aetna Insurance Company, 64 ND 764, 256 NW 214, a new trial was sought by the plaintiff on the ground that under the evidence the verdict was too small. We disposed of the case by holding that the denial of the motion for new trial was a matter resting largely in the discretion of the trial court and no abuse of discretion was shown. Thus, we treated the ground upon which the new trial was sought as being within the power of the court to grant or deny.

Our Section 28–1902 RCND 1943 setting forth causes for new trial is, in most instances, identical with the provisions of the California Code of Civil Procedure, Section 657, wherein it is provided that a new trial may be granted for "Excessive damages, appearing to have been given under the influence of passion or prejudice"; or where there is "Insufficiency of the evidence to justify the verdict or other decision, or that it is against law; . . . ."

The question we now have before us arose in California in 1887 in the case of Bennett v. Hobro, 72 Cal 178, 13 P 473. That case involved an action to recover $10,000.00 damages for personal injuries. The jury rendered a verdict in favor of the plaintiff for $200.00. The plaintiff moved for a new trial on the grounds of:

"1. Insufficiency of the evidence to justify the verdict;

"2. That said verdict is against law and against the evidence."

In upholding an order of the trial court granting a new trial, the Supreme Court of California said:

"Reference to the evidence on this point shows that it tended to prove the injuries sustained by the plaintiff to have been very severe, resulting in her long confinement, with a reasonable apprehension that they may permanently disable her.

"Under such circumstances, the court may well have concluded that the sum awarded her was insignificant in proportion to the injuries received.

"It is within the province of the Superior Court to grant a new trial where it is of opinion the verdict is contrary to the weight of evidence."

California now has a long line of cases supporting the proposition that in actions for personal injuries the trial court has power to grant a new trial upon the ground of insufficiency of the evidence to justify the verdict, where the amount awarded by the jury is inadequate or incommensurate with the extent of the injuries that the plaintiff has received. Included in this line of cases are: Taylor v. Northern Electric Railway Co., 26 Cal App 765, 148 P 543; Tripcevich v. Compton, 25 Cal App2d 188, 77 P2d 286; Secreto v. Carlander, 35 Cal App2d 361, 95 P2d 476; Hughes v. Schwartz, 51 Cal App2d 362, 124 P2d 886; McNear v. Pacific Greyhound Lines, 63 Cal App2d 11, 146 P2d 34. Other California cases dealing with inadequate damages as a ground for new trial are cited under Section 68, New Trial, in both 20 Cal Jur and 8 Cal Jur, Ten Year Supp, 1948 Revision.

In South Dakota, also, we find the same statutory grounds for new trial as those under consideration. See SD Code 1939, Sec 33.1605. In Sayer v. Lee, 41 SD 252, 170 NW 148, it is said:

"It is appellant's contention that, under the statutes of this state, inadequacy of a verdict cannot be assigned as a ground for granting a new trial, but only an excessive verdict. Appellant's counsel is in error. Inadequacy of a verdict may be ground for a new trial, and may be considered upon an assignment of insufficiency of the evidence."

In Idaho we again find the same statutory provisions for new trial pertaining to the grounds of excessive damages and in-

sufficiency of the evidence. Idaho Code, 1932, Section 7–602. In Riggs v. Smith, 52 Idaho 43, 11 P2d 358, an order of the trial court granting a new trial was upheld where the jury awarded plaintiff one dollar damages in an action for alienation of affections.

The decisions in states having statutes the same or similar to ours are indeed persuasive. Moreover, general authority supports the proposition that a new trial may be granted for inadequacy of damages on the theory that the verdict was not justified by the evidence. Bancroft's Code Pleading, Practice and Remedies, Ten Year Supp, Section 6040; 39 Am Jur, New Trial, Section 145; 66 CJS, New Trial, Section 77; Emmons v. Sheldon, 26 Wis 648; Tathwell v. City of Cedar Rapids, 122 Iowa 50, 97 NW 96; Port Utilities Commission of Charleston v. Chicco, 192 SC 399, 7 SE2d 69; Giles v. Perkins, 138 Me 96, 22 A2d 132.

The order for new trial entered pursuant to the court's written memorandum states as a reason for granting the motion that the verdict was "grossly inadequate." The second ground set forth in the motion was the insufficiency of the evidence to justify the verdict, and that it was against the law. It came within the statutory ground for new trial set forth in paragraph 6 of Section 28–1902 RCND 1943. The third ground set forth in the motion was that the verdict is so inadequate as to be a plain disregard by the jury of the instructions of the court and was rendered under the influence of prejudice. This statement, taken alone, may not come within the specific statutory grounds for new trial, but when considered with the challenge to the insufficiency of the evidence to justify the verdict, there is no question but that the grounds set forth in the motion are sufficient to come within the statute. The situation here is not unlike the one that arose in Cox v. Tyrone Power Enterprises, 49 Cal App2d 383, 121 P2d 829, in which it is said: "Since the motion was based solely on the ground of insufficiency of the evidence it could be granted on no other ground (Polk v. Boggs, (1898), 122 Cal 114, 117, (54 P 536) and the statement in the order that it was based on 'the grounds of inadequate damages,' construed with the language of the motion, constitutes a specifi-

cation that the legal ground was 'insufficiency of the evidence to justify the verdict'."

It is clear to us that the trial court determined that under the evidence presented in the case the verdict of the jury awarded damages inadequate to a degree incommensurate with substantial justice, or in other words, the verdict was not justified by the evidence, which is a statutory ground for granting a new trial under subsection 6 of Section 28–1902 RCND 1943.

A motion for a new trial upon the ground of insufficiency of the evidence is directed primarily to the sound judicial discretion of the trial court. Froh v. Hein, 76 ND 701, 39 NW2d 11; Haslam v. Babcock, 71 ND 363, 1 NW2d 335; Baird v. Clooten, 60 ND 699, 236 NW 356; Martin v. Parkins, 55 ND 339, 213 NW 574; Kohler v. Stephens, 74 ND 655, 24 NW2d 64. The court's action upon an application for a new trial upon the ground of the insufficiency of the evidence to justify the verdict will not be disturbed upon appeal unless abuse of discretion is shown. Heyrock v. McKenzie, 8 ND 601, 80 NW 762; Farmers Elevator Co. v. Fristad, 52 ND 497, 203 NW 675; Johnson v. Patterson, 67 ND 132, 270 NW 97; Olsen v. Wetzstein, 55 ND 794, 215 NW 280.

The courts are more reluctant to interfere with the action of a trial court in granting a new trial than where a new trial has been denied. Blum v. Standard Oil Co., 68 ND 329, 279 NW 764; Kohlman v. Hyland, 56 ND 772, 219 NW 228.

In Hearne v. DeYoung, 132 Cal 357, 64 P 576, the court said: "After the jury, by its verdict, has once placed the amount of damages, it will be an exceptional case where this court will interfere with the action of the trial court in reviewing an order, either approving or rejecting that amount. In some cases this court has very properly held that the trial court should have granted a new trial by reason of the verdict being excessive in amount, still it has very rarely reversed an order of the trial court declaring the verdict too small."

The facts in this record are substantially the same as those presented on the former appeal and set forth in Haser v. Pape, 77 ND 481, 39 NW2d 578, and need not be repeated here. Upon that trial the jury returned a verdict against the defendant,

Pape, for $10.000.00. The jury in this trial found that the defendant, Yellow Cab Company, was liable in damages to the plaintiff and assessed those damages at $650.00. This amount the trial court determined to be "grossly inadequate" and granted a new trial. Did he abuse his discretion in so doing? In determining this question "The appellate court will review the evidence to determine whether the discretion exercised was a legal and reasonable one, and if so found on such review the order granting the new trial will be sustained even though the trial court would have been justified in reaching a different conclusion." Johnson v. Patterson, 67 ND 132, 270 NW 97.

And as we also said in that case: "The trial court was unquestionably in a better position to determine the weight of the testimony than the appellate court. The judge saw the witnesses, observed their demeanor, and was in a position to sense the indefinable atmosphere of the trial."

The trial court was impressed by the mental and physical suffering which the plaintiff, a girl 14 years of age, had been forced to undergo at the hands of Pape, the taxi driver, the consequent humiliation which followed her experience, and the further fact that her parents found it advisable to send her to another state to continue her education, all of which are circumstances tending to indicate substantial injury and damage. It is the law that the Yellow Cab Company was liable for either none or all of the damages suffered by the plaintiff. Joint tortfeasors are jointly and severally liable for the full amount of the detriment suffered by a party in favor of whom liability for injury arising from a common breach of duty has been established. 52 Am Jur, Torts, Section 110; 62 CJ, Torts, Section 44. The jury found that the cab company was liable, a finding supported by the evidence and unquestioned on this appeal. It then became the duty of the jury to determine the detriment that the plaintiff suffered and to return a verdict in an amount sufficient to compensate her for that detriment. This, in the opinion of the trial court, the jury failed to do, and he, in the exercise of his judicial discretion, granted a new trial. Under the facts disclosed by the record we cannot say that the trial

court abused his discretion in so doing. The order appealed from is affirmed.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.