Jack Norman CRESWELL and American Home Assurance Company, a Foreign Corporation, Plaintiffs and Appellants,

v.

Cecil GUERARD, doing business as Guerard's Body Shop, Defendant and Respondent.

Civ. No. 8508.

Supreme Court of North Dakota.

Feb. 7, 1969.

Letnes, Murray & Marshall, Grand Forks, for plaintiffs and appellants.

Nelson & Mack, Grand Forks, for defendant and respondent.

STRUTZ, Judge (on reassignment).

This is an appeal by the plaintiffs from an order of the district court denying the plaintiffs' motion for new trial, after verdict for the plaintiffs in the sum of $1,700. The plaintiffs contend that the amount awarded to them by the jury is inadequate, and that when the jury determined the issue of negligence against the defendant it was mandatory for it to return a verdict in a sum in excess of $4,000; that there is no evidence in the record to sustain the verdict which was returned in this case; and that it was error for the trial court to deny the plaintiffs' motion for a new trial on the ground of inadequacy of damages.

The vehicle involved in this action was a 1964 Chevrolet two-ton tank truck. Prior to the time it was destroyed by the alleged negligence of the defendant, it had been damaged by being rolled on the highway. After it had been rolled, it was driven for some time without repair. Its condition, after the accident, was such that serious consideration was given to junking the vehicle rather than having it repaired, and bids were solicited for its salvage. Later, it was decided to have the truck repaired, and it was taken to the defendant's body shop for that purpose. While in the defendant's shop, it was destroyed by fire of unknown origin.

The plaintiff American Home Assurance Company settled with the owner of the truck for $7,983.65, considering it a total loss. The salvage was sold for $825.-01. This suit was brought by the insured and his insurance company to recover for the loss caused by the defendant.

The jury returned a verdict for $1,700, and the plaintiffs moved for a new trial on the ground that the evidence would not support such a verdict. This motion was

denied, and the plaintiffs appeal from the order denying a new trial, contending that the verdict was inadequate under the evidence in the case.

It is conceded that the truck, at the time it was destroyed by fire in the defendant's shop, was in a damaged condition, and that the plaintiffs are not entitled to recover the full amount of $7,983.65 which was paid to the owner in settlement of the loss. But the plaintiffs contend that the evidence clearly establishes that the damage caused by the fire in the defendant's shop was in excess of $4,000 and far above the sum of $1,700 for which the jury returned its verdict.

■ This court heretofore has considered the question of inadequacy of a verdict returned by a jury as ground for a new trial. We have held that the question of whether a new trial should be granted because of the award of inadequate damages is one which lies within the sound judicial discretion of the trial court, and the trial court's decision on this question will not be disturbed except for an abuse of discretion. Deschane v. McDonald, 86 N.W.2d 518 (N.D.1957).

In a prior decision, we also held that a motion for new trial on the ground of insufficiency of the award of damages is directed primarily to the sound judicial discretion of the trial court, and the court's decision on such motion will not be disturbed on appeal in the absence of an abuse of such discretion. Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240 (1951).

■ We further held in *Haser* that where the evidence discloses that damages awarded by the jury are inadequate to such a degree that they fail to do substantial justice, the trial court may order a new trial on the theory that the verdict was not justified by the evidence.

The trial court instructed the jury on various methods of determining damages for injury to personal property. The appellants do not object to the instructions

of the court on damages. They do, however, strenuously contend that since the jury found damages in the sum of $1,700, when the evidence, in the appellants' opinion, discloses such damages to be $4,079.99, the award by the jury was inadequate to a degree that it fails to do substantial justice; that the trial court therefore should have ordered a new trial; and that the failure of the trial court to order a new trial was an abuse of discretion.

■ Four witnesses testified on the question of value in this case, and their estimates varied greatly. If the jury had believed the plaintiffs' witnesses, then the verdict would have been larger. Or if the plaintiffs' evidence had been the only evidence on damages, the verdict would be inadequate. But there was evidence introduced in the record by a witness for the defendant which, if believed by the jury, would justify the verdict which it returned. The plaintiffs contend that this witness's estimate is so ridiculous that it should be completely ignored. We would point out, however, that this witness was the only one who had seen the vehicle both before and after the fire in the defendant's shop. In fact, after the vehicle had been damaged by being rolled and before it had been taken to the defendant's shop, bids were called for its salvage, and this witness was one of those who inspected the vehicle and submitted a bid on it. Subsequently, after it had been destroyed by fire, he again inspected it and made an appraisal of its value.

The plaintiffs' witnesses, on the other hand, had never seen the vehicle at all. They testified by deposition, and their estimates as to value were made entirely on pictures of the vehicle which had been taken after the fire. They had no personal knowledge of the condition of the property at the time, or prior to the time, of the fire. Where the verdict is attacked on the ground of insufficiency of the evidence, and the evidence, though conflicting, is legally sufficient to sustain the ver-

**910**

dict under the instructions of the court, it will not be disturbed on appeal.

Which of the witnesses should be believed was for the jury to determine.

█ We cannot say, therefore, that the jury's verdict, which was based upon evidence which the jury had before it, was inadequate to such a degree that it fails to do substantial justice. Neither can we say that the trial court, under these circumstances, abused its discretion in denying the plaintiffs' motion for new trial. Since there is no showing that the trial court abused its discretion in denying the motion, the order appealed from is affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.