P. W. EDDY, Respondent, v. ALSON WELLS, Appellant.

(231 N. W. 785.)

Opinion filed April 24, 1930.   Rehearing denied July 30, 1930.

*Conmy, Young & Conmy,* for appellant.

*P. W. Lanier* and *Carr & Rittgers,* for respondent.

NUESSLE, J. The defendant Wells set out to drive from Jamestown to Fargo in his Packard sedan. His wife and three guests, one of whom was the plaintiff Eddy, accompanied him. There had been a sleet storm the night before they started and the roads were icy and slippery. However, Wells was an experienced driver and they drove along at from 35 to 40 miles an hour. Eddy had had experience in driving an automobile and he realized that the roads were slippery and that there was some danger in driving rapidly over them. He sat in the rear seat with the two other guests. He thought they were traveling too fast considering the roads and though he did not remonstrate with Wells he remarked generally to his companions that the roads were treacherous. As they approached a hill somebody in the back seat made a remark, and, in the words of the plaintiff "Wells turned his head just a little bit and the car lost the alinement and he tried to straighten it and the car shimmied and flopped and went over on its side." Eddy was hurt. He thereafter brought this action to recover for damages claimed to have been suffered by reason of the accident.

In his complaint he alleged that he was riding with Wells; that Wells was driving at an excessive rate of speed considering the icy and dangerous condition of the roads; that as a consequence and because of Wells' negligence the accident occurred and he was thereby injured. The defendant Wells, answering, admitted · that he was driving the automobile in question and that an accident happened. He alleged that Eddy was a gratuitous passenger and that the roads were slippery and dangerous; that the accident was unavoidable and occurred without negligence on his part: that Eddy was an experienced automobile driver; that he knew the danger of traveling under the conditions as they existed; that notwithstanding he made no remonstrance but was

content with the manner and speed at which Wells was driving; that he assumed all the risks incident to traveling in that manner under the circumstances as they existed; that he was guilty of contributory negligence and that there was no negligence on the part of the defendant. The case was tried to a jury. The jury returned a verdict in favor of the defendant. Thereafter the plaintiff moved for a new trial predicating his motion on alleged errors of the court in giving and refusing to give instructions.

Plaintiff grounded his motion on ten assignments of error. Nine of these were predicated on instructions as given and the tenth on the refusal of the court to give an instruction which was requested. The motion came on to be heard. Arguments were had. The trial court after consideration ordered a new trial on the ground that that portion of the charge on which the ninth assignment was based was erroneous and prejudicial. Thereupon the defendant perfected this appeal from the order granting a new trial.

In support of his appeal the defendant insists that there was no prejudicial error on the part of the court by reason of giving any of the instructions which were assigned as erroneous, and that considering the whole charge there was no error in refusing to give the instruction requested by the plaintiff. He further contends that in the instant case the trial court granted the motion for new trial because, as is disclosed by his memorandum opinion, that portion of the instruction set out in the ninth assignment was erroneous and prejudicial; that such portion of the charge was neither erroneous nor prejudicial and that the court made his decision and order purely on a question of law, and therefore it was not a matter which was in any way discretionary with the court. The defendant further contends that, in any event, there was no error in giving or refusing to give instructions for the reason that the defendant was entitled to a directed verdict at the close of the whole case; that he moved for the same and so, the jury having returned a verdict in his favor, no new trial should have been granted.

That portion of the instruction assigned as erroneous by the plaintiff and which the court considered to be so, reads as follows:

"You are instructed here that the plaintiff assumed the risk of the car skidding and overturning on the ice or snow, if it did so skid, and he cannot recover damages because of that fact unless he has shown you

by fair preponderance of the evidence that the skidding and overturning was proximately caused by the defendant's negligence."

The trial court evidently considered this instruction erroneous because of what was said with respect to the refusal to give a similar instruction requested by the defendant in the case of Bolton v. Wells, 58 N. D. 286, 225 N. W. 791. In that case we said:

"It is claimed the court erred in failing to instruct the jury that plaintiff assumed the risk of the car skidding and overturning on the ice or snow; but there was no error in refusing to do this, as the plaintiff did not assume any such risk."

The Bolton Case was one brought to recover damages for an injury received in the same accident out of which the instant case arose. The cases, however, are to be distinguished in this respect: It appears that Bolton had had no experience in the driving of automobiles although he had ridden much in them; nor did it appear that he knew or believed the roads to be dangerous. Furthermore, in the Bolton Case we merely held that there was no error because of the refusal of the trial court to charge that the plaintiff assumed the risk of the car skidding and overturning on the ice and snow, while in the instant case the contention is made that the giving of such an instruction constituted prejudicial error.

The term "assumption of risk" bears a long accepted and well defined meaning in the law of negligence in cases arising where the relation of master and servant exists. In the Bolton Case there was no such relationship and, therefore, so far as the term in its strict legal sense was concerned there was no assumption of risk. As shown in the excerpt from the opinion in that case, quoted above, the court dismissed the term "assumption of risk" because as used in that sense it was not appropriate. Where a request is made for an instruction and terms are used which have a well defined legal meaning, the court has the right to consider that they are used to express that meaning. Thus the trial court was justified in declining to charge with respect to assumption of risk when the relationship of master and servant was not involved. Especially was this so where instructions appropriate to the happening of an accident not arising from the negligence of the defendant were given, as in the Bolton Case.

It must be recognized, however, that there is a popular sense in which

the term "assumption of risk" is being used, and this is becoming noticeable in current automobile litigation. Some of the courts have used this language in such cases at times in a sense different from that which the term has commonly borne in legal parlance. And latterly many of the "catch phrase" writers in the various law reports have used the term in this way. An automobile owner who gives his friend a ride is not an insurer of that friend's safety. The relation of host and guest ensues. The friend becomes a guest subject to the hazards reasonably incident to such a use of such a vehicle. The host must use and exercise ordinary care considering all of the circumstances so as not to increase such hazards. A guest in an automobile takes the automobile "as is," but if the host knows of any dangerous defects in the vehicle it is his duty to warn the guest respecting them. Marple v. Haddad, 61 A.L.R. 1248, and note (103 W. Va. 508, 138 S. E. 113); Huddy, Auto. §§ 802, 803; Berry, Auto. § 692. In the foregoing sense it may be said that a guest does assume the risk. In any event, in the instant case, the words "assumption of risk" could not have misled the jury for the context made clear the meaning intended to be conveyed. That is, that if the accident happened because of conditions for which the defendant was not responsible, without negligence on his part, he was not liable for any injuries resulting from it; and that before the plaintiff could recover it was necessary for him to establish that the accident occurred because of and through the negligence of the defendant. No ordinary interpretation of English can derive any other meaning from the instruction in question; and given that meaning the plaintiff has no occasion to complain.

While the court ordered a new trial on the sole ground that the portion of the charge set out in the ninth assignment was erroneous and prejudicial, nevertheless in passing upon the propriety of his order we are not confined to a consideration of that assignment. If on any of the grounds assigned a new trial should have been ordered, the order will be sustained.

"It is also well settled that an order granting a new trial will not be reversed merely because the trial judge assigned an erroneous reason for making it. It is the correctness of the order, and not the reason assigned for it by the trial judge, that is to be reviewed in this court, and it is only when all of the grounds urged in support of the motion

are insufficient that it will be reversed." Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Security State Bank v. Security State Bank, 54 N. D. 582, 210 N. W. 83. It therefore becomes necessary for us to examine the plaintiff's other assignments to determine whether the order granting a new trial was properly made.

We have examined the several portions of the charge of which the plaintiff otherwise complains and are of the opinion that there was no prejudicial error on account of them. It will not be necessary for us to refer to all of them specifically. Even though some of these instructions were subject to criticism as not being in the best form or as clearly stated as they might have been, nevertheless we think that the jury were not misled by them to the plaintiff's prejudice. Of course the charge is to be considered as a whole.

The plaintiff complains especially of that portion of the charge set out in the third assignment on the ground that thereby the jury were told with respect to the matter of contributory negligence that if the plaintiff were guilty of any negligence no matter how slight which contributed to the accident, the verdict must be for the defendant, and were not instructed that to make his defense of contributory negligence on the part of the plaintiff the defendant must establish that such negligence was a proximate cause of the accident. Considering the latter part of this instruction alone and by itself, it might be subject to this criticism. But taking this paragraph of the instruction as a whole the jury in effect were told that unless such lack of care, act, or omission on the part of the plaintiff contributed to the accident and the accident would not have occurred without such lack of care, act, or omission, there was no contributory negligence which would defeat a recovery. In another portion of the charge proximate cause was defined and the jury were further told that the plaintiff's fault did not affect his right of action unless it proximately contributed to his injury; that such fault must be a proximate cause in the same sense in which defendant's negligence must be the proximate cause in order to give any right of action. There was no prejudicial error here.

The plaintiff also assigned as a ground for his motion the refusal of the court to give a requested instruction as to the shifting of the burden of proof; that if the plaintiff first sustained the burden upon him and established the fact of negligence on the part of the defendant, then

the burden shifted from the plaintiff to the defendant to establish contributory negligence. The court refused to give this request in the words submitted but did charge in other language that the burden of establishing contributory negligence rested upon the defendant.

The plaintiff further contends that, in any event, whether or not a new trial should be granted was a matter resting within the sound discretion of the trial court and that this court should not reverse the order unless it appears that there was a clear abuse of discretion. It is to be noted, however, that the insufficiency of the evidence to justify the verdict was not assigned as a ground for the motion for new trial. Nor was any other ground, directed to the discretionary power of the court, assigned therefor. The motion was predicated wholly on alleged errors of law, either in the instructions as given or because of refusal to give requested instructions. Nowhere is it urged by the plaintiff or intimated by the court that the evidence was not sufficient to sustain the verdict as returned. The trial court in his memorandum specifically states that a new trial was ordered because of the erroneous instruction with respect to assumption of risk heretofore referred to. Nowhere in the memorandum is it suggested that otherwise than for this supposed error the ends of justice require a new trial to be granted. Thus the case is clearly distinguishable from the cases of Security State Bank v. Groen, ante, 431, 230 N. W. 298, and Martin v. Perkins, 55 N. D. 339, 213 N. W. 574, and authorities referred to in those cases. See in this regard, Kohlman v. Hyland, 56 N. D. 772, 219 N. W. 228.

Having made the above disposition of this appeal it becomes unnecessary for us to consider the defendant's contention that the evidence was insufficient to sustain the verdict against him and that on that account the order for new trial was improperly granted.

The order from which the appeal was taken is reversed and the judgment heretofore entered reinstated.

BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.

## (On Petition for Rehearing)

NUESSLE, J. The respondent has petitioned for a rehearing on the ground that the court in the foregoing opinion ignored his assignment

of error predicated on that portion of the charge reading as follows: ". . . that if the plaintiff knew or should by the exercise of reasonable care have known that the defendant was traveling at a negligent rate of speed, it was his duty to protest or to warn the defendant, and if he failed to do so, then he was himself negligent, and cannot recover damages here under any claims of excessive speed."

He insists that this instruction in effect directed the jury to return a verdict for the appellant if they should find the respondent had failed to protest as to the speed at which the car was being driven.

It is true that we did not in the foregoing opinion particularly refer to the assignment on which the respondent bases his petition for rehearing, but we did make plain that, considering the whole instruction with respect to the matter of contributory negligence, the jury were told that unless such negligence on the part of the plaintiff contributed to the accident and the accident would not have occurred without it, there was no contributory negligence which would defeat a recovery. It is to be noted that immediately following that portion of the charge quoted above and to which the respondent excepts, the court further charged: ". . . that if plaintiff knew or should have known by exercise of reasonable care, that defendant was driving at a negligent rate of speed, considering the condition of the roads, and you further find that he made no protest to the defendant against such speed, and that his failure to so protest was negligence on his part, and that such negligence was a proximate cause of the injury to himself, then, and in this event, you will find for the defendant. The rule is that whenever the plaintiff's case shows any want of ordinary care under the circumstances contributing in any degree as a proximate cause of the injury for which he brings his action, he cannot recover even though defendant was also negligent. The plaintiff's fault does not affect his right of action unless it proximately contributed to his injury. It must be a proximate cause in the same sense in which defendant's negligence must have been the proximate cause in order to give any right of action."

Of course the several parts of the charge must be considered together. Thus considered we think the jury could not have been misled by that portion of which the respondent complains even though, standing alone, it would have been erroneous.

But we think that on the facts disclosed by the record the portion

challenged correctly stated the law applicable. Of course the appellant was under the duty to use ordinary care considering all the circumstances so as not to increase the hazards reasonably incident to the use of the automobile in which he was carrying the respondent as his guest. On the other hand, the respondent as guest was himself required to exercise such care as was reasonable and practicable to avoid injury. Leclair v. Boudreau, 101 Vt. 270, 63 A.L.R. 1427, 143 Atl. 401, and note. He was an experienced driver of automobiles. He knew the speed at which the car was being driven. He believed it was excessive and dangerous considering the condition of the road. It is clear he had an opportunity to protest and warn the appellant if he had desired to do so. He did not see fit to do either. Notwithstanding the apparent danger he was content with the speed at which the car was being driven. The instruction in question was that if respondent knew the appellant was driving at a negligent rate of speed and failed to protest or to warn him, then respondent was himself negligent. The instruction restricted the effect of such negligence to claims for damages on account of excessive speed. If there was negligence on the part of the appellant the respondent acquiesced in it and so was himself negligent and therefore cannot complain of the consequences. As was said in Hardy v. Jesse, 189 Wis. 652, 207 N. W. 706:

"We fully appreciate the delicate situation of a gratuitous guest when it comes to protesting or remonstrating to the host with respect to illegal speed or with respect to any other negligence in the operation of a car. However, the law in this state is now well-established, as will appear from the foregoing decisions, that a gratuitous guest cannot idly sit by, observe clear violations of law, in fact acquiesce in them, and then, in the event of an accident, hold his host liable in damages. The privilege of a gratuitous ride is accompanied by a corresponding obligation, and such obligation must be met, if liability should ensue."

And on the question of contributory negligence generally, see the following authorities: Silver v. Silver, 65 A.L.R. 943, and note (108 Conn. 371, 143 Atl. 240); Sharp v. Sproat, 26 A.L.R. 1421, and note (111 Kan. 735, 208 Pac. 613); Paiewonsky v. Joffe, 40 A.L.R. 1335, and note (101 N. J. L. 521, 129 Atl. 142); Schwartz v. Johnson, 47 A.L.R. 323 and note (152 Tenn. 586, 280 S. E. 32, 25 N. C. C. A.

692); Marple v. Haddad, 103 W. Va. 508, 61 A.L.R. 1248, 138 S. E. 113, supra; Cleary v. Eckart, 51 A.L.R. 576, and note (191 Wis. 114, 210 N. W. 267).

The petition is denied.

BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.