BERTHA BROYLES *v*. MACK HAGERMAN

(No. 8109)

Submitted April 30, 1935. Decided May 21, 1935.

*Sale, St. Clair & Sale,* for plaintiff in error.
*Strother, Curd & Berry,* for defendant in error.

WOODS, JUDGE:

This is an action of trespass on the case for $10,000 damages claimed to have been sustained as a result of the carelessness of the defendant in the operation of his Reo automobile, in which plaintiff was a guest. The trial court set aside a verdict for $2,000, and the plaintiff brings error.

The action arose out of a collision between the defendant's five-passenger Reo, equipped with hydraulic brakes, and a Chevrolet coach, which was being driven in an opposite direction by a boy named Cyphers. The plaintiff, a young married woman of twenty-four years, earlier in the day, had, at the request of defendant's daughters, assisted in removing defendant's wife to Welch for hospitalization. She remained with defendant's wife until that evening, when defendant started to Bartley (his home) with nine adults, including himself and plaintiff, and two children, in his car. Of this

number, three adults and one child were in the front seat. The collision occurred about nine o'clock. The particular piece of road where the two cars met was hard surfaced, eighteen feet in width, practically straight, and slightly up-grade. The cars were being operated at thirty to thirty-five miles per hour. Both had their lights on.

Cyphers and two of the five other occupants in his car testify that just as they were passing defendant's car, it turned across onto their side of the road and into the Chevrolet. Defendant did not know how the accident occurred; did not see the Cyphers car. The plaintiff was not looking. The left front wheel was knocked off the Reo, which continued across the road and down a steep embankment to the railroad track, one hundred twenty feet below. It was completely demolished. The Chevrolet stopped on the highway approximately eighteen feet beyond the point of the collision. It seems to have been struck on the left side just back of the bumper, the evidence being to the effect that the front wheel was driven back into the frame and the frame bent. The left front fender was torn loose, the running board broken, and the back fender damaged. The front of the car was not damaged. The lights were not broken, nor was the front bumper injured. No one seems to have made an examination of the marks on the road until the next morning. Cyphers and a brother testify to having found marks indicating that the Reo was over on the right (defendant's left) of the road, at the time of the collision. A witness by the name of Stacy, who saw glass and marks in the road the morning after, pointed out the scene of the accident to one Hylton (an engineer) a week or so after the accident, and the latter prepared a map, on which he purported to show the course taken by the Reo car following the impact. According to this map the collision occurred on defendant's right side of the road. Sneider, an employee of the State Road Commission, testified that he was in a car immediately ahead of that driven by defendant, and that about a second after the Cyphers car passed he heard the collision. This witness testified that the marks began on defendant's side of the road.

The plaintiff, due to the accident, was rendered unconscious

until sometime the following day. Although she suffered acutely following the accident, the medical testimony is to the effect that the only permanent injuries sustained is a large scar, about an eighth of an inch wide, across her forehead, and another scar on her cheek.

The trial court assigned two reasons for setting aside the verdict. *First*, that the physical facts in the case showed that the collision occurred on the defendant's side of the road, and *second*, that error had been committed in the refusal of defendant's instructions Nos. 2 and 3, on the gross negligence rule.

The trial court seemed to take the position that the map and Sneider's testimony, with reference to marks indicating the course of the car, were undisputed. Cyphers and the other two witnesses who were in his car testify to the general fact that the collision occurred on their side of the road; and the testimony of Cyphers and his brother is to the effect that the inspection the following morning so showed. The fact that the defendant's car struck the side of the Cyphers car just back of the bumper supports Cyphers and his companions. Hagerman does not know. He says he saw no car until the impact. Whatever value may be accorded the map, the evidence of Cyphers and his brothers would be stronger from the fact that they saw the tracks made by the cars early the next morning. We think that under the circumstances, whether the collision occurred on Cyphers' side of the road or Hagerman's would be a question for the jury.

The other question has to do with refusal of defendant's instructions Nos. 2 and 3. This Court said in *Marple* v. *Haddad*, 103 W. Va. 508, 138 S. E. 113: "There are two lines of decisions in the states on the question of the care due a licensee in such case. Equally distinguished courts support each line. Marshalling and comparing the weighty arguments of the several decisions would serve no useful purpose here as this Court is committed by the case of *Moorefield* v. *Lewis*, 96 W. Va. 112, to the doctrine of ordinary or reasonable care. A further investigation of the authorities only confirms our faith in the justice of that decision, and that it is supported by the weight of authority. 'We therefore now hold, in accord

270

with what seems the great weight of authority and as a choice among many rules, each of which bristles with difficulties, that, as to the gratuitous guest in a vehicle on a public highway, the owner or driver of such vehicle owes to such guest the duty of exercising ordinary care to avoid personal injury to him * * *'." So, we must hold that in this state the operator of an automobile owes the duty of reasonable care to a guest, whether he be an invitee or a licensee.

Looking further to the record, did the court commit error in its refusal of other of defendant's instructions? The defendant claims that he was entitled, in view of the number of occupants shown to have been in the car, to an instruction on over-loading. The proffered instruction states: ''The court instructs the jury that if the plaintiff consented to or acquiesced in any negligent act of the defendant, which in any way contributed to the injuries she cannot recover. Therefore, if you believe from the evidence in this case that the car in which she was riding when the accident occurred was overloaded beyond what ordinary and reasonable care would demand which she knew or ought to have known by the exercise of ordinary and reasonable care and as to which she made no protest and continued to ride therein until the collision, and if you further believe such overloading of the car contributed to her injuries, then you must find for the defendant.''

In reference to the principle that a guest must exercise ordinary care for his own safety, this Court in *Clise* v. *Prunty,* 112 W. Va. 181, 188, 163 S. E. 864, said: ''And thus, in *Stephenson* v. *Sharp,* 222 Ky. 496, 'What constitutes such ordinary care on the part of an invited guest in an automobile necessarily depends upon the facts and circumstances of each case. He cannot ignore obvious dangers or intrust his safety absolutely to the driver when the same knowledge or means of knowledge of obvious or threatened dangers is possessed by both. He cannot idly sit by, close his eyes and ears to such dangers, and, in the event of an accident, hold his host liable in damages. He must use ordinary care for his own safety, and when his means of observing obvious dangers are the same as or better than those possessed by the driver and

he fails to observe them, or observing them, fails to warn the driver, he is guilty of contributory negligence.' A passenger in a vehicle operated by another is bound to exercise ordinary care for his own safety."

In view of the apparent overloading of the car, we are of opinion that it was error, under the decisions in this state, to refuse the foregoing instruction. The circuit court being in error in this respect, his action in setting aside the verdict of the jury and awarding defendant a new trial must be affirmed.

*Affirmed.*