Louise Darling *v.* Ethel C. Browning *et al.*

(No. 8759)

Submitted October 25, 1938. Decided November 29, 1933.

*Fitzpatrick, Brown & Davis,* for plaintiff in error.

*J. W. Fitchett,* for defendant in error.

*H. L. Ducker,* for Ethel C. Browning.

MAXWELL, PRESIDENT:

On this review there is brought in question a judgment for $6,000.00 in favor of Louise Darling, plaintiff, against Ethel C. Browning and John C. Corrie, defendants. Writ of error was granted Corrie, alone.

The action is for personal injuries sustained by the plaintiff in an automobile accident caused by the collision of a west-bound automobile with a parked truck in Sixth Avenue of the City of Huntington soon after dark the evening of November 7, 1936.

The defendant, Corrie, was the owner and driver of the automobile in which the plaintiff was a guest-passenger. She was seated in the front seat with another guest and Corrie. The plaintiff's brother and three or four other passengers were in the rear of the car. A truck owned by the defendant, Browning, was parked on the north side of Sixth Avenue, almost opposite the Memorial Hospital.

Witnesses for Browning testified that the truck was parked near the north curb and parallel therewith. For

the plaintiff and Corrie there is testimony that the truck stood at an angle of about forty-five degrees with the north curb, and that the rear of the truck, with no light thereon, protruded into the traffic lane which the Corrie car was pursuing. The jury having found against Browning, we must deal with the case on the basis that the rear of the truck extended unduly into the line of west-bound traffic. From the collision of the automobile with the rear of the truck, the plaintiff suffered serious and probably permanent injuries.

On the factual situation Corrie contends that he is not shown by the record to have been guilty of any negligence contributing to the accident. He emphasizes the plaintiff's testimony that just before the accident, she had not noticed any lack of care in the plaintiff's manner of driving the automobile; that it was moving in the proper lane of traffic and at a conservative speed. The plaintiff does not seek to depart from or minimize her statement in this respect, but says that it was the plaintiff's duty to keep a lookout ahead and not to drive against the parked truck; that she had not supposed that Corrie would fail to see a dangerous object straight ahead. In her declaration, the gravamen of her complaint against defendant Corrie is that he did not maintain a proper lookout commensurate with the danger involved. Corrie rejoins that at the scene of the accident, a steady stream of cars was coming toward him and that the headlights from the cars blinded him to the extent he did not see the truck. Further, he testified: "I don't know how far I traveled between the time I first saw those lights and I hit the truck. But at the time these lights were shining in my eyes the accident happened almost instantly." He admits that immediately before striking the truck his automobile was moving at the rate of about thirty miles per hour.

It is an accepted mandate of law that, in the exercise of reasonable care, a motorist, temporarily blinded by the lights of an approaching vehicle, must exercise caution commensurate with the situation in order to avoid

injury to the person or property of others. *Ruth* v. *Vroom*, 245 Mich. 88, 222 N. W. 155, 62 A. L. R. 1528; *Howe* v. *Jones*, 162 Va. 442, 174 S. E. 764; *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, 239 P. 709, 41 A. L. R. 1027; *Safety Tire Service* v. *Murov*, 19 La. App. 663, 140 So. 879; *Holsaple* v. *Superintendents of Poor*, 232 Mich. 603, 206 N. W. 529; *Mathers* v. *Botsford*, 86 Fla. 40, 97 So. 282, 32 A. L. R. 881; 1 Blashfield's Cyclopedia of Automobile Law, sec. 744; 5 American Jurisprudence, p. 652.

A motorist who does not reduce the rapid speed of his automobile, though he be temporarily blinded by approaching headlights, and, in such circumstances, inflicts injury on another, must be taken to have assumed the risk that just that thing might happen. A case may arise where injury resulted solely from a sudden emergency caused by the flashing of light into a driver's eyes, and a jury would be warranted in relieving him from responsibility, there being no lack of reasonable care on his part. But, in this case, the jury considered that the defendant Corrie was not exercising reasonable care. The evidence justified the verdict against him.

On behalf of Corrie it is insisted that if he be adjudged guilty of negligence in the premises, the plaintiff must be held guilty of contributory negligence, and precluded thereby from recovery. This contention is based on the fact that at the instant of accident, she had turned her head to talk with one of the rear-seat guests and was not looking ahead for obstacles nor taking precautions to guard against danger.

It is true that an automobile guest who fails to protest against obviously dangerous conduct on the part of the driver will be deemed guilty of contributory negligence and barred from recovery. This is illustrated by the three following cases: *Clise* v. *Prunty*, 112 W. Va. 181, 163 S. E. 864, wherein the guest, injured by the skidding of her host's automobile on ice in the road, had acquiesced in the operation of the car without chains, though the danger was evident; *Adams* v. *Hutchinson*, 113 W. Va.

217, 167 S. E. 135, in which it appears from the facts recited in the opinion that the plaintiff was injured when the automobile carrying her and three others crashed from the road at a late hour of a foggy night while the party was en route home from a dance where there was much drinking of intoxicating liquor, and which conduct had been participated in by at least some of the members of the ill-fated automobile party; *Broyles* v. *Hagerman*, 116 W. Va. 267, 180 S. E. 99, wherein the plaintiff was injured in an automobile collision while she was a guest in a five-passenger automobile in which nine adults and two children were riding when the accident occurred, extreme overloading being manifest. The rule recognized in those cases has often been stated and applied. Thus it was held in the *Adams* case, *supra:* "An automobile guest failing to protest the action of the driver in encountering a possible danger reasonably apparent to both, is, ordinarily, barred from recovery against the host for resulting injury."

This rule is meant to apply where there was obvious or highly probable danger in the manner or circumstances of the operation of an automobile in which a guest was riding at the time of injury received. In the course of the ordinary operation of an automobile under circumstances and conditions which may be considered usual for the street or road being traveled by it, guests in the automobile are not required to be constantly at the height of attention and alertness in order to raise an instant alarm if danger should arise. Such strictness of requirement would impose an exaction, destructive of the reasonable use and enjoyment of automobiles. A guest must not be oblivious to danger but, on the other hand, the law does not require that he be annoyingly active in vigilance and in proclaiming notice of danger. Such conduct may readily result in more harm than good. Reasonable relaxation on the part of an automobile passenger is to be encouraged, time and circumstances considered. So, having in mind that as the Corrie automobile moved along the street immediately prior to the ac-

cident there was nothing to arouse the apprehension of the plaintiff, there was not presented a situation wherein it could be said as a matter of law that the plaintiff contributed to her own injury in that, at the moment of collision, she was conversing with a fellow passenger and was not on the lookout for danger. Under a correct instruction on the subject, the matter of contributory negligence was properly submitted to the jury. *Porterfield* v. *Sudduth,* 117 W. Va. 231, 185 S. E. 209. The finding of the jury is conclusive.

Another point of error relied on by Corrie is the trial court's refusal to submit to the jury Corrie's Instruction Number Nine. It reads: "The Court further instructs the jury that in considering the question of liability between the plaintiff, Louise Darling, and the defendant, John Corrie, you must assume the truck of the defendant, Mrs. J. K. Browning, was parked at an angle to the curb and without lights burning."

The court correctly refused this instruction because it laid undue emphasis on an isolated element and would have tended to mislead the jury. And then, too, the proposition presented by the instruction was in no wise conclusive of the question of liability of defendant Corrie. For, whether the truck was parked at an angle of forty-five degrees or was parallel with the curb, Corrie, in either event, might be held guilty of negligent driving. "An instruction calling the jury's attention to a particular, uncontrolling fact or circumstance, and thereby giving it undue prominence, is properly refused." *Cain* v. *Kanawha Traction & Electric Co.,* 85 W. Va. 434, 102 S. E. 119.

On consideration of all these matters we are of opinion that the record discloses no error prejudicial to the defendant, Corrie. Therefore, we affirm the judgment.

*Affirmed.*