M. M. Deskins, *Admr. etc. v.* Roy Warden *et al.*

(No. 9079)

Submitted October 15, 1940. Decided December 3, 1940.

*Howard & Howard,* for plaintiff in error.
*Strother, Herndon & Berry,* for defendants in error.

Riley, President:

M. M. Deskins, administrator of the estate of George Deskins, deceased, instituted this action of trespass on the case in the Circuit Court of McDowell County against Roy Warden, Kester Ferguson, and War Distributing Company, a corporation, to recover damages for the alleged wrongful death of plaintiff's decedent. This writ of error is prosecuted to a judgment setting aside a jury verdict in plaintiff's favor and granting a new trial.

Decedent was a young man about seventeen years of age, and six feet tall. He was fatally injured on July 25,

1938, while riding on a truck of the defendant Warden, then being driven by one James Brewster in the course of handling beer for the defendant, War Distributing Company, a corporation, controlled and substantially owned by the defendant Warden. When injured, decedent was standing on the topmost of two beer cases placed on the floor of the truck immediately in the rear of the cab of the truck. He suffered injuries which resulted almost immediately in his death as a result of his head coming in contact with the near beam in the ceiling of the low underpass where the Norfolk & Western Railway crosses U. S. Route No. 52, a short distance from a lunch room known as Coney Island Lunch Room.

During the course of making sales and deliveries of beer, the truck was stopped at the lunch room and the defendant Ferguson, the president and a nominal stockholder of the defendant corporation, who was accompanying the driver Brewster, alighted to inquire whether a delivery of beer was required. As the truck was standing in front of the lunch room, decedent's attention was drawn to his cousin, Billy Deskins, who was sitting a short distance away on the left parapet of the bridge over which Route No. 52 crosses Tug River. The record discloses that the underpass is 321 feet from the far end of this bridge, and in easy sight of the occupants of the truck, including decedent, who at the time the truck proceeded in the direction of the underpass was standing so that his head and shoulders extended above the cab.

After Ferguson had completed his business at the lunch room, the truck was driven at a moderate rate of speed along Route 52 in the direction of and through the underpass. Decedent spoke to his cousin, Billy Deskins, as the truck was being driven over the Tug River bridge, and then he turned to the front. A short distance before the underpass was reached, he turned around and again faced his cousin. While doing so, he was in a position with his back toward the underpass, and while in this position his head came in contact with its near beam and he was thrown to the bottom of the truck, where he was found

lying fatally injured, if not dead. The evidence shows, without contradiction, that the underpass had a height over the road varying from 9 feet, 7 inches, to 9 feet, 11 inches; that the floor of the truck was 3 feet, 4 inches from the ground; and that the two beer cases had a total height of 2 feet, and, as decedent was 6 feet tall, the top of his head extended 11 feet, 4 inches above the roadbed. Under these circumstances, unless decedent had stepped off the beer cases or stooped, necessarily his head would, as it did, come in contact with the near beam of the underpass as the truck was being driven thereunder.

The defendant Warden testified that he had forbidden decedent to ride on the truck and had so instructed both Ferguson and Brewster, who, however, did not impart this instruction to decedent. Be that as it may, the evidence shows that decedent on a number of occasions had ridden this truck along the same route, and since the close of the school year in June before his death, the rides had occurred once or twice every week. On these occasions decedent was accustomed to assist in unloading full cases of beer and loading the empty ones. Under the circumstances, his status clearly was not that of a trespasser. He was riding on the truck by the implied permission of both Brewster and Ferguson. He was, in fact, at least a guest by sufferance.

Two grounds of defense are injected into this case: (1) defendants were not guilty of actionable negligence; and (2) if so guilty, plaintiff cannot recover because decedent assumed the risk.

In this jurisdiction, the driver of an automobile must exercise reasonable care for the safety of his guests and other passengers. *Darling* v. *Browning*, 120 W. Va. 666, 200 S. E. 737; *Broyles* v. *Hagerman*, 116 W. Va. 267, 180 S. E. 99; *Oney* v. *Binford*, 116 W. Va. 242, 180 S. E. 11; *Herold* v. *Clendennen*, 111 W. Va. 121, 161 S. E. 21; *Lewellyn* v. *Shott*, 109 W. Va. 379, 155 S. E. 115; *Marple* v. *Haddad*, 103 W. Va. 508, 138 S. E. 113, 61 A. L. R. 1248; *Moorefield, Admr.* v. *Lewis*, 96 W. Va. 112, 123 S. E. 564. The rule in this state is broad enough to include all guests, whether by

invitation or sufferance. *Broyles* v. *Hagerman, supra,* 270 of 116 W. Va.; *Marple* v. *Haddad, supra.* The application of this rule of reasonable care towards guests by sufferance is strongly supported by respectable American authority. 5 Am. Jur., Automobiles, sec. 234, and cases cited; 4 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, sec. 2382 and cases cited under notes 11 and 14. For a valuable collation of authorities see the following notes: 20 A. L. R. 1025; 26 A. L. R. 1428; 40 A. L. R. 1340; 47 A. L. R. 329; 51 A. L. R. 584; 61 A. L. R. 1260; and 65 A. L. R. 956.

Applying the rule of reasonable care to the facts of the instant record, we are unable to conceive of any theory upon which defendants could have been guilty of actionable negligence. The underpass was in full view of decedent, as well as Brewster and Ferguson, when the truck was started toward it. The latter knew decedent was standing facing the front of the truck so that he could readily see over the cab. They also knew that decedent had ridden in a standing position in the truck on other occasions over the same route, and was familiar with the lowness of the underpass. Under the circumstances, it would be entirely unreasonable for us to say that either Brewster or Ferguson could have anticipated that decedent would turn around to see his cousin a second time, only a short distance from the underpass. His action in this regard was indeed unexpected and the failure to anticipate that which could not reasonably be expected does not, and should not, constitute actionable negligence.

For the foregoing reasons we are of opinion that the trial court did not err in setting aside the verdict in plaintiff's favor and awarding a new trial. Its judgment is, therefore, affirmed.

*Affirmed.*