GEORGE E. BIERCE *vs.* THE SHARON ELECTRIC LIGHT COMPANY.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Conclusions of the trial court depending upon the credibility of witnesses and the weight to be given to testimony, cannot be reviewed by this court on appeal.

The exclusion of questions which assume the plaintiff's right to recover some damages and relate only to their amount, is harmless, if the plaintiff is found not to be entitled to recover anything.

Equally harmless is the exclusion of certain testimony to prove a fact which was afterwards conceded, or to prove one which was established by the evidence of other witnesses.

In an action for injury to the plaintiff's premises alleged to have been caused by the wrongful raising and lowering of the ordinary and natural level of the waters of a certain pond, by means of a dam and gate at its outlet, evidence that the defendant had drawn the waters of another pond into the former is irrelevant to the issue.

Argued October 2d—decided November 1st, 1900.

ACTION for an injunction and for damages on account of injuries to the plaintiff's premises claimed to have been caused by the wrongful raising and lowering of the waters of a certain pond, brought to the Superior Court in Litchfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Samuel A. Herman* and *J. Henry Roraback*, for the appellant (plaintiff).

*Leonard J. Nickerson* and *Donald T. Warner*, for the appellee (defendant).

ANDREWS, C. J. Mudge Pond is a natural pond situated in the town of Sharon. The plaintiff is the owner of certain

lands bordering on that pond on its north and west sides. He is engaged in the business of keeping a boarding-house for summer boarders. The defendant is the owner of the land at the south end of the pond, with a dam thereon which controls the outflow of the waters of the pond.

The complaint charges that the defendant has so managed the outflow from the pond that at times the water has been held back till it was raised greatly higher than its ordinary or natural level, so that the land of the plaintiff is overflowed and rendered useless; and that at other times the water has been drawn down till it was much lower than its ordinary or natural level, so that large portions of the bottom of the pond were uncovered, which portions gave off noxious and disagreeable odors, and thereby created a nuisance; all of which things did damage to the plaintiff.

The answer of the defendant denied the matters set forth in the complaint, and for a second defense averred that (1) "the defendant, in December, 1895, was, and ever since has been, the owner of the dam and a mill privilege at the outlet of said Mudge Pond, and then was and ever since has been the owner of, and entitled to the right to raise the waters in said pond to the height of its said dam, and to draw all the waters from said pond that will flow through the flume of said dam. (2) Any and all acts of the defendant in raising and lowering the waters in said Mudge Pond were done in the exercise of its legal right as owner," as is above set forth.

The plaintiff replied, denying this defense. These issues were found in favor of the defendant.

This finding of the issues decides that the defendant has not created any nuisance at all, and that whatever it has done in and about the raising or lowering the water of the said pond it had the lawful right to do. Of course this finding is conclusive against the plaintiff, unless errors were committed in the trial. In his appeal to this court the plaintiff assigns numerous errors. Very much the larger part of these refer to the finding of facts, and claims that the court committed error in respect to portions of the finding. We have examined all these with care and deliberation. No one

of them, so far as we can discover, presents a question which can be reviewed by this court. They all depend upon the credibility of witnesses and the weight to be given to testimony. This court cannot consider such questions. *Neilson* v. *Hartford Street Ry. Co.*, 67 Conn. 466. This substantially disposes of the whole case.

The other errors assigned are in respect to the rulings upon evidence, and require no extended consideration. They are as follows: —

The plaintiff called one William L. Dench as a witness, and asked him certain questions. Of these, one on his direct and one on his redirect examination were objected to and ruled out. These questions assumed that the plaintiff was entitled to recover some damage, and tended to affect the amount. In that aspect they were admissible. But as the court has found that the plaintiff was not entitled to any damages at all, the ruling out of these questions has done no injury.

Charles W. Rhynus was a witness for the plaintiff. It appears that the electric plant of the defendant was situated in a building which was formerly used exclusively as a gristmill, and was operated by the water from Mudge Pond. The witness had worked in the gristmill. He was asked this question: "Prior to 1895 was the gristmill always in operation?" He was also asked to state the size of the water-wheel used at that time in the gristmill. He answered: "Twenty-four inches." Both these questions and this answer were, on objection by the defendant, excluded by the court. These questions were claimed, as it was stated, for the purpose of showing that more water was drawn from the pond since the electric plant had been in use than was drawn prior to that date. At a later period of the trial it was admitted by the defendant that more water was now drawn from the pond than was taken before the electric works were in use. The exact size of the water-wheel was also stated by another witness.

If it be granted that both these questions should have been allowed—and perhaps it is so—we think the plaintiff has

suffered no injury. The fact sought to be proved by them was established by other testimony, so that he had the full benefit of it.

It appeared in evidence that there was another pond, called Long Pond, situated about a mile northerly from Mudge Pond, the waters of which flowed naturally into Mudge Pond. There was a dam at the outlet of that pond which the defendant owned and controlled. The plaintiff when a witness in his own behalf, was asked if the defendant had drawn the waters of Long Pond into Mudge Pond. He answered that it had. This question and answer was excluded on the objection of the defendant.

This ruling was correct. The question tended to raise an issue not within the pleadings.

There is no error.

In this opinion the other judges concurred.