REBECCA SCHLAIFER, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED APRIL 16, 1915. No. 18077.

1. **Appeal: NEW TRIAL: DISCRETION.** A motion for a new trial is addressed to the sound discretion of the court, and a decision of the district court in setting aside a verdict of the jury and granting a new trial will not be reversed unless it clearly appears that there has been an abuse of discretion.

2. ———: **EXCLUSION OF EVIDENCE.** In an action for personal injuries, where the injuries are not denied, or the proof thereof is clear and uncontradicted, the exclusion of evidence relating to the extent of the injuries and going only to the measure of recovery is not reversible error, where the jury finds plaintiff is not entitled to recover anything for the injuries.

APPEAL from the district court for Douglas county: LEE S. ESTELLE and WILLIS G. SEARS, JUDGES. *Affirmed.*

*DeBord, Fradenburg & VanOrsdel,* for appellant.

*John L. Webster* and *W. J. Connell, contra.*

MORRISSEY, C. J.

Plaintiff brought this action, alleging that, November 20, 1910, she was a passenger on one of defendant's street

cars in the city of Omaha, and, while attempting to alight therefrom, at the regular stopping place at the intersection of Sixteenth street and Clark street, the car was suddenly started forward with a jerk, and she was thereby thrown violently to the pavement, suffering severe injuries, which are set out in detail in the petition. The answer denies that the car was started while plaintiff was in the act of alighting, but avers that after the car had passed beyond the regular stopping place the plaintiff voluntarily stepped from the car to the street while the car was moving, and that whatever injuries she sustained were the result of her own negligence, and denies all negligence or carelessness on its part. There was a verdict for plaintiff. A motion for new trial containing 21 separate assignments of error was filed. On hearing, this motion was sustained, the verdict set aside, and the cause set down for retrial. By leave of court plaintiff filed an amended petition, and the cause was again tried to a jury, and there was a verdict for defendant. Plaintiff then filed an alternative motion, praying: First, for judgment upon the verdict of the jury returned on the first trial, notwithstanding the order of the court granting a new trial; second, should the court refuse to enter a judgment on the first verdict, that it set aside the last verdict and grant a new trial of the case, assigning the usual grounds for new trial in causes of this character. This motion was overruled, judgment entered upon the last verdict, and the plaintiff appeals.

The errors relied upon are: First, setting aside the verdict and granting a new trial; second, refusal of the court to sustain plaintiff's motion for judgment upon the first verdict; and overruling the alternative motion to set aside the second verdict and grant a new trial. Taking up these assignments in their order: Did the court err in setting aside the first verdict?

The Code provides for the granting of a new trial by trial courts, and this provision is made for the purpose of affording the court an opportunity to correct errors in

its own proceedings without subjecting the parties to the necessity of an appeal.

The record is silent as to the special reason for setting aside the verdict. The court has great latitude in the exercise of its discretion, and the universal holdings of this court are to the effect that this discretion will not be interfered with where it sets aside a verdict and grants a new trial, unless it is clearly shown that some legal right of the party against whom the order is made has been disregarded. *Missouri P. R. Co. v. Hays*, 15 Neb. 224; *Sang v. Beers*, 20 Neb. 365.

"The granting of a new trial is largely within the discretion of the trial court. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it." *School District v. Bishop*, 46 Neb. 850.

Again, in *Wells v. Cochran*, 84 Neb. 278, this court has said that an order setting aside a verdict and granting a new trial will not be set aside "unless it clearly and unequivocally appears that there did not exist any tenable ground to support said order, but that the court thereby abused its discretion."

Abuse of discretion in the trial court is not disclosed by the record. Reasonable minds might draw different conclusions from the testimony, and, indeed, the second jury on substantially the same evidence reached a different conclusion from that reached by the first jury, and the ruling of the trial court on this question will not be disturbed.

The sole complaint made as to the second trial is directed to the rulings of the court on the introduction of evidence. In the main this criticism goes to the exclusion of testimony bearing on the extent of the injuries received. There was clear proof of the injuries; in fact, the injuries were conceded, but the liability of the defendant was denied. The extent of the injuries could be material only as to the amount of recovery, and, the jury having absolved the defendant from all liability, the severity of the injuries was immaterial, and the exclusion of this evidence was not prejudicial. *Price v. Grzyll*, 133 Wis. 623;

*Fraser v. California Street Cable R. Co.,* 146 Cal. 714; *Bierce v. Sharon Electric Light Co.,* 73 Conn. 300.

The other rulings on the introduction of evidence complained of have been examined, but, considering the form of the questions asked and the state of the record at the time they were propounded, they are found to have been without prejudice. The verdict is fully sustained by the evidence, and, as there are no errors appearing, the judgment of the district court is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.