[File No. 6537.]

## MATHELDA BLUM, Respondent, v. STANDARD OIL COMPANY, a Corporation, Appellant.

(279 N. W. 764.)

Opinion filed May 20, 1938.

*O'Hare, Cox & Cox* and *Nestos & Herigstad,* for appellant.

*E. R. Sinkler, G. O. Brekke,* and *Geo. A. McGee,* for respondent.

332

MORRIS, J. This is an appeal from an order granting a new trial to the plaintiff after a verdict was had for the defendant. The motion for new trial was made upon five grounds, namely, (1) accident and surprise, (2) insufficiency of the evidence, (3) that the verdict is contrary to the law of the case and the instructions of the court, (4) errors of law occurring at the trial, and (5) newly discovered evidence. The trial court filed no memorandum opinion but said in its order granting the new trial that, "The court is convinced that it would be unjust to permit the verdict in this action to stand, that the newly discovered evidence, as contained in the affidavits submitted on behalf of the plaintiff, is of such probative force and importance as to render a different result probable on a re-trial of said action, and the court is convinced that the ends of justice demand that the verdict in this action and the judgment entered thereon be vacated and set aside, and a new trial granted."

Section 7945, N. D. Compiled Laws, 1913, provides that the judge shall file a written memorandum with all orders granting or refusing a new trial concisely stating the grounds upon which ruling is based "and unless the insufficiency or unsatisfactory nature of the evidence is expressly stated in such memorandum, as a reason for granting a new trial, it shall be presumed, on appeal, that it was not on that ground." The trial judge having filed no memorandum, it is, therefore, presumed on this appeal that he did not grant a new trial because of the insufficiency of the evidence. He has, however, indicated in his order that the new trial was granted by him on the ground of newly discovered evidence. While this court is not bound to consider only the grounds mentioned by the trial judge in his memorandum or order but may determine whether the order is sustainable upon any of the grounds set forth in the application (Lawler v. Ose, 60 N. D. 280, 234 N. W. 390) we will, nevertheless, devote our consideration to the matter of newly discovered evidence.

The defendant operates a bulk station for the sale of petroleum and petroleum products located on a leased site on the Soo Line Railroad right of way on the east side and adjacent to the main street of the city of Parshall. The main street, which is also a state highway, runs north and south. The railroad runs approximately east and west and along the north side of the lot on which the bulk station is located. There is no sidewalk in front of the bulk station or across the railroad tracks. A concrete retaining wall runs north and south on the bulk station site. The buildings are on high ground and held in place by the retaining wall. The plaintiff contends that a foot path has for many years extended along the retaining wall near its base and between it and the street, over which the public is accustomed to pass in going between various homes on the south side of the city and the business district, which is farther north. She contends that on August 31, 1935 at shortly after nine o'clock, it being dark and there being no street lights in the vicinity, she was proceeding along the pathway on her way to the business district, when she fell into a cut or excavation that had that day been made by the defendant across the pathway as a result of grading a driveway for trucks into the bulk station property. That as a result of the fall she received serious personal injuries for which she is entitled to recover against the defendant.

The defendant contends that there never was a pathway in general use by the public along the retaining wall; that although it graded a driveway into the bulk station, it did not leave a drop off or excavation but left the ground in a proximately level condition, and further contended that the plaintiff was not injured by a fall upon this property.

Upon the motion for new trial the plaintiff supported her claim of newly discovered evidence by eleven testimonial affidavits of which seven described the existence and public use of the pathway and six described the excavation. Both of these points had been contested during the trial and considerable conflicting testimony presented. The affidavits are therefore cumulative as to these points.

The defendant introduced at the trial several photographs which showed the driveway and surrounding ground to be in an approximately level condition. As a foundation for these photographs the defendant produced testimony that they were taken on the afternoon of Monday, September 2, and that at that time the ground about the driveway was in the same condition as it was at the time of the accident. The plaintiff contended on the motion for new trial that this testimony was false, that the ground had been levelled off between the time of the accident and the time of the taking of the photographs and produced three affidavits, the affiants of which state that on the morning of September 2, they saw workmen engaged in leveling off the embankment or excavation made by the driveway and across which the disputed pathway extended. Plaintiff also claims that the photographs show that at the time they were taken the street was paved with black top, and that this can be discerned by an examination of the photographs themselves. This fact is at least debatable. The plaintiff nevertheless produces an affidavit of an employee of the State Highway Department to the effect that the street was not paved until prior to September 21, 1935, and argues therefrom that the photographs must have been taken after that date.

The defendant vigorously contends that the evidence disclosed by plaintiff's affidavits will not support a motion for new trial because such evidence was neither newly discovered nor was reasonable diligence exercised, thus presenting the question of whether the showing of diligence is sufficient to sustain the discretion exercised by the trial court upon that point for in granting a new trial upon the ground of

newly discovered evidence the court must have found that the plaintiff presented a sufficient showing of diligence.

The plaintiff and her witnesses reside in or near Parshall, North Dakota, which is approximately sixty miles from the city of Minot, where plaintiff's attorneys have their offices and where the trial was held. The plaintiff sets forth in her affidavit that she could not with due diligence have discovered and produced at the trial the testimony which she now claims to be newly discovered. This statement is merely a conclusion and is entitled to little weight. She also states that she did not know that the defendant would contend that she was not injured at the place and in the manner set forth in the complaint and that there was no excavation, until during the progress of the trial, and that she believes that the pictures offered by the defendant were not taken at the time testified to by defendant's witnesses, but at a later date, and that when they were introduced she had no way of refuting their testimony. Her attorneys make a stronger showing than does the plaintiff herself upon the matter of diligence. One of the attorneys states that he made a trip to Parshall and made inquiry of various persons as to their knowledge of facts material to the case, but did not and could not discover the facts set forth in the affidavits upon which the application for new trial is predicated. He further states that he was surprised by the evidence concerning the photographs, and that at the trial there was no way that the plaintiff could refute this testimony. He also says that the plaintiff has, since her fall, been in such a condition physically and mentally as to be unable to prosecute a search for witnesses on her own behalf. Plaintiff's other attorney makes an affidavit to somewhat the same effect and more in detail. He made two trips to Parshall prior to the trial for the purpose of investigating facts pertaining to the action and interviewed all persons of whom he had knowledge who could testify to material facts, and that all such witnesses were produced and testified at the trial.

The defendant asserts that the statements of the affiants as to the path and excavation are purely cumulative and are, therefore, not grounds for a new trial. Upon this point the plaintiff contends that even though they are cumulative they are also of such probative effect that if the testimony therein represented is given at a new trial, it is probable that a different verdict will be reached.

As to the affidavits of the three witnesses who state that they saw workmen levelling off the ground about the driveway on the morning of September 2, and the affidavit as to the time of paving the street, the defendant contends that the evidence therein contained is not directly material to the issues in the law suit, and is only evidence intending to impeach the testimony of the defendant's witnesses and the photographs, and that impeaching testimony is not a ground for new trial even though it be newly discovered. The defendant also stresses the fact that several of the affiants were witnesses for the plaintiff at the trial and that the exercise of proper diligence by the plaintiff would have then disclosed that they knew the facts which they now incorporate in their affidavits.

The discretion exercised by the trial court on an application for new trial will not be interfered with on appeal unless it appears that such discretion has been abused. Baird v. Unterseher, 57 N. D. 885, 224 N. W. 306; Martin v. Parkins, 55 N. D. 339, 213 N. W. 574; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; Standard Oil Co. v. Kennedy, 54 N. D. 31, 208 N. W. 555; Lemke v. Dougherty, 53 N. D. 382, 206 N. W. 222; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Matoushek v. Dutcher & Sons, 67 Neb. 627, 93 N. W. 1049. Appellate courts are more reluctant to interfere with the action of a trial court in granting a new trial than where a new trial has been denied. Kohlman v. Hyland, 56 N. D. 772, 219 N. W. 228; Schlaifer v. Omaha & C. B. Street R. Co. 98 Neb. 207, 152 N. W. 370; Ellyson v. Peden (Iowa) 146 N. W. 759; 5 C. J. S. 522.

In Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, supra, this court said: "The rule that governs a court of review in this class of motions—i. e., those which appeal to judicial discussion (discretion)—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Trials, Sec. 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in

this class of cases. The duties devolving upon a court of review in this class of cases are to be distinguished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion." The foregoing has been quoted with approval in Martin v. Parkins, 55 N. D. 339, 213 N. W. 574, supra, and Security State Bank v. Groen, 59 N. D. 431, 230 N. W. 298.

The rule applicable to appeals from motions for new trial upon the ground of newly discovered evidence is stated in Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419, supra, to be that: "A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless manifest abuse of such discretion is shown. And the appellate court is more reluctant to interfere in a case where a new trial has been granted than where it has been denied. . . . And the appellate court will uphold the ruling of the trial court granting a new trial on a discretionary ground when it would have refused to disturb the decision of that court had a new trial been denied; and will sustain such order even though the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one."

The trial court had before it the affidavits which were cumulative as to the existence and public use of the pathway and the description of the excavation. It also had before it the affidavits of three witnesses to the effect that workmen levelled off the ground about the driveway the morning of September 2, and the affidavit of the State Highway Department employee to the effect that black top was not put on the highway until September 21. The latter affidavits tend primarily to impeach the photographs and the testimony of some of the defendant's witnesses. The testimony as to the workmen, however, is not exclusively impeaching. Evidence to the effect that the defendant levelled off the ground about the driveway soon after the accident occurred would have been admissible as a circumstance bearing directly upon the material issues of the case.

The determination of whether the newly discovered evidence is such

as to produce a different result in event of a new trial rests largely in the discretion of the trial court. The cumulative quality of such evidence and its probative effect are matters upon which the trial court must primarily exercise its judicial discretion. The fact that the evidence is cumulative does not preclude that court from exercising its discretion in behalf of granting plaintiff's motion, if it is such as to convince the court that a different result would be probable in event of a retrial. Cahill v. E. B. & A. L. Stone Co. 167 Cal. 126, 138 P. 712.

The question presented by the affidavits which we have heretofore termed impeaching, is also addressed to the judicial discretion of the trial court. Its determination thereof will not be disturbed upon appeal except for a manifest abuse of discretion. The photographs were introduced to prove the condition of the ground at the time and place where the accident occurred. They are of great importance as direct proof of these matters. When they were taken and whether or not at the time of taking the ground was in the same condition as when the accident occurred is extremely important. The newly discovered evidence tends not only to contradict the testimony of defendant's witnesses, but also to impeach the photographs themselves. Furthermore, as we have pointed out, the affidavits to some extent at least, present original evidence.

The trial court determined "that it would be unjust to permit the verdict in this action to stand," and that the affidavits submitted by the plaintiff present newly discovered evidence which is of such probative effect and force as to render a different result probable on a retrial. This determination in our opinion does not constitute an abuse of judicial discretion, and the trial court's determination will not be disturbed upon appeal if the evidence thus presented to it is supported by a sufficient showing to the effect that the plaintiff could not with reasonable diligence have discovered and produced it at the trial.

Clearly the showing made by the plaintiff indicates that some diligence was used in preparing for trial. This is, therefore, not a case where there is no showing whatever of diligence. The question of whether or not the showing of diligence is sufficient must be considered in the light of all the circumstances and occurrences of the trial which are peculiarly within the knowledge of the trial court, and like the other questions pertaining to the matter of newly discovered evidence

which we have heretofore considered is a matter which is primarily addressed to the judicial discretion of that court. The Supreme Court of California in reviewing an order granting a new trial upon the ground of newly discovered evidence, says, "The granting of a new trial upon this ground is so peculiarly within the discretion of the trial court that the record must be very bald indeed which will induce this court to interfere with its action. And that this should be so is perfectly obvious. 'Diligence' is a relative term, incapable of exact definition. What would amount to due diligence under one state of facts would fall absolutely short of it under another and different state of facts. It depends, therefore, so essentially upon the particular circumstances of each case, with all their distinct and varying phases and bearings, as they have appeared to the lower court at the trial and throughout the conduct of the cause, in determining whether diligence has been used in any particular instance, that this court should hesitate to disturb a ruling upon this ground where it has any substance whatever upon which to rest. The presumption is that the discretion has been properly exercised, and that presumption must be overcome by a clear want of facts before the order will be disturbed." Heintz v. Cooper, 104 Cal. 668, 38 P. 512.

After reviewing thoroughly the showing made by both parties upon the motion for new trial in the light of the decisions of this and other courts, we have reached the conclusion that there does not appear to be such an abuse of judicial discretion by the trial court as to warrant us in directing that the order for new trial be set aside.

Affirmed.

CHRISTIANSON, Ch. J., and SATHRE and NUESSLE, JJ., concur.

BURR, J. I concur solely on the ground that greater effect is given to the decision of the trial court in granting a new trial than denying it, and the trial court has a duty to perform if thoroughly convinced injustice has resulted.