[File No. 6634.]

LENA OLSON, Respondent, v. EDWARD CARLSON, Doing Business as Triangle Transportation Company, Appellant.

(290 N. W. 243.)

Opinion filed February 2, 1940.

*Cupler, Stambaugh & Tenneson,* for appellant.

*J. E. Hendrickson,* for respondent.

Morris, J. This is an appeal from an order of the trial court granting the plaintiff a new trial. The court had dismissed the case upon motion of the defendant made after both sides had rested. The motion for new trial was made and granted solely upon the ground of newly discovered evidence. This appeal does not involve the correctness of the court's order dismissing the case.

The action seeks recovery for personal injuries received by the plaintiff who fell while alighting from a bus owned and operated by the defendant. The bus was operated as a common carrier and the plaintiff was a fare-paying passenger thereon. After the bus stopped at the hotel in Perley, Minnesota, the plaintiff undertook to alight. She testified, "I took hold of the rod and was going to take my first step, and my heel caught in something. I could feel it was caught, and I tried to get back in the bus but then my heel came off and I went out like a shot, away over in the weeds, and I fell."

The only other witness who testified at the trial concerning the accident was the plaintiff's sixteen-year-old daughter. She had descended from the bus ahead of her mother. She did not see all of the accident, but did see her mother fall to the ground. The defendant introduced no testimony. The trial court dismissed the action for lack of sufficient evidence to go to the jury on the question of defendant's negligence.

Since the trial the plaintiff has discovered another witness. No question of lack of diligence is presented. The sole controversy hinges about the sufficiency of the newly discovered evidence disclosed by the affidavit of the new witness to warrant the court in granting a new trial. The affidavit of this witness discloses that she was standing a few feet from the bus at the time the passengers were leaving it. She saw the plaintiff "attempting to step from said bus when the heel of one of her shoes became caught in the floor of said defendant's bus, causing said Lena Olson to fall forward through the entrance of said bus with great force landing on the ground; that the heel of said Lena Olson's shoe was so firmly held to the floor of said bus as to cause it to be completely pulled from the shoe; that said Lena Olson was severely injured by reason of her fall, caused by said heel becoming fastened to the floor or some defect in the floor of said bus."

The defendant contends that this evidence, or so much thereof as

might be admissible, amounts to no more than that given by the plaintiff at the trial when she testified that her heel caught in something.

The general rules applicable to the review of an action of the trial court in granting a new trial on the ground of newly discovered evidence are well settled in this state. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court. That discretion, when exercised, will not be interfered with on appeal unless it appears there has been a manifest abuse thereof. Appellate courts are more reluctant to interfere when a new trial has been granted than where a new trial has been denied. Blum v. Standard Oil Co. 68 N. D. 329, 279 N. W. 764, and cases therein cited.

The affidavit of the new witness discloses that her testimony is not merely cumulative. It is more extensive than that given by the plaintiff at the trial. This witness says that the plaintiff's shoe caught in the floor of the bus, whereas, the plaintiff merely testified that the heel caught in something. The discretion of the trial court extends to the materiality and probable effect of the newly discovered evidence. Keck v. Kavanaugh, 45 N. D. 81, 177 N. W. 99. We are not passing upon the sufficiency of the evidence to support a verdict of the jury upon a new trial. The question before us is whether the evidence including that which is newly discovered is so patently insufficient as to indicate that the court abused its discretion by granting a new trial. After carefully considering the newly discovered evidence in connection with the evidence adduced at the trial in the light of the rules heretofore established by this court, we have reached the conclusion that there has been no abuse of judicial discretion by the trial court that would warrant us in reversing the order granting a new trial.

Affirmed.

NUESSLE, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.