[File No. 6708.]

GORDON W. LaBREE, Appellant, v. DAKOTA TRACTOR & EQUIPMENT COMPANY, a Corporation, Respondent.

(295 N. W. 313.)

Opinion filed December 14, 1940.

*Thorp, Wattam & Vogel,* for appellant.

422

*Nilles, Oehlert & Nilles,* for respondent.

BURR, J. The plaintiff had judgment against the defendant for injuries received in a collision alleged to occur on January 2, 1938, but actually on December 27, 1937. The defendant moved for judg-

ment non obstante, or in the alternative for a new trial. The motion for judgment notwithstanding the verdict was granted without considering the motion for a new trial. Plaintiff appealed, and this court reversed. In our decision we state: "The trial court did not pass upon the motion for a new trial. . . . The court stated . . . that instructions which he had given to the jury and to which the defendant took exceptions were misstatements of law, but declined to pass upon the effect of such misdirection. The court also declined to pass upon the evidence relative to the alleged contributory negligence of the plaintiff and its effect upon his right to recover."

The case, therefore, was remanded to the trial court for further proceedings. See LaBree v. Dakota Tractor & Equipment Co. 69 N. D. 561, 288 N. W. 476.

Upon remand, the trial court heard the motion for a new trial, granting the same; and from the order, the plaintiff appeals.

In the motion for a new trial, defendant sets forth as specifications of error: That the evidence was insufficient to justify the verdict; that the one who was in control of and operating the machine which collided with the car of the plaintiff was an independent contractor, and, therefore, the defendant was not connected in any way with the collision; that the defendant was not guilty of negligence; that the plaintiff was guilty of contributory negligence, which, as a matter of law, barred his recovery; and alleged errors in the instructions to the jury.

In the former decision we stated: "We are satisfied there was ample evidence to go to the jury to determine this issue," the issue of independent contractor. It will be noted we did not hold that the evidence was such that this issue was conclusively established. The case was remanded in order that the trial court would determine whether justice would be furthered by granting a new trial.

The court stated distinctly that the order granting a new trial was based "upon the following grounds, to wit:

"(1) For error of the court in instructing the jury as specified in Assignment of Error No. 1;

"(2) Because of the unsatisfactory state, nature, and character of the evidence."

The instruction which defendant says was error is that portion of the charge wherein the court stated: "In this connection the court instructs

the jury, that if you should find by a fair preponderance of the evidence in the case that the said Oxenrider was at the time of the alleged accident an agent, servant and employee of the defendant, and at said time and place was in charge of and was driving said road grader within the scope of his agency and employment; and if you further so find that the said Oxenrider was at said time and place driving said road grader in a careless and negligent manner, then and in that event the defendant is responsible for damages, if any, caused by the negligent act, if any, of said servant and employee, provided you find from all of the evidence in the case that said damages, if any, caused by the negligent act of said Oxenrider, if any, resulted proximately, as that term has been heretofore defined, in the injury and consequent damages suffered by the plaintiff."

For a clearer understanding, we state that Oxenrider was the one who was driving the road grader, the collision taking place at a point on Highway No. 10 between Casselton and Fargo. It was claimed by plaintiff that Oxenrider was an employee of the defendant, while defendant claimed he was an independent contractor.

This instruction of which the defendant complains is not the entire portion of the charge on this issue. In that portion of the memorandum opinion dealing with this issue, the learned judge states he was clearly of the opinion that the instructions ought to have been more precise in informing the jury clearly on all the issues raised by the pleadings and the proof. However, we do not pass upon whether it would have been better to have stated this issue more elaborately. The defendant did not ask for further instructions; and the law governing any relationship between Oxenrider and the defendant, the effect of his negligence, if any, and the determination of the proximate cause of the collision required to be shown before the plaintiff could recover, was stated to the jury.

In the absence of request for more precise instructions, we cannot say that on this ground alone a new trial should be granted. We mention this, however, as it was a factor which entered into the decision of the trial court in granting the new trial "because of the unsatisfactory state, nature, and character of the evidence" and the confusion which appeared to the court existed in the minds of the jury arising from what the court deemed to be omissions in its charge.

The issue of contributory negligence was clearly in the case. It was urgently pressed and actively opposed. The collision occurred between Casselton and Fargo, while plaintiff, driving his own car in company with one Thompson, ran into this road grader from the rear. It was an important factor to determine whether the road grader carried the requisite warning lights on the rear of the grader. It is true there was proof adduced showing there were such lights, and proof to the effect that the lights were nonexistent. The actions of the plaintiff while driving, the approaching cars, the speed of the automobile, plaintiff's attentions to the road were all involved. Ordinarily, the determination of such issues is for the jury, and clearly, they determined the issues in favor of the plaintiff by their verdict. In other words, the jury found there was no contributory negligence.

The trial court, in its memorandum opinion, points out that the complaint shows the cause of the collision was "the failure of the said defendant and its employees to keep a light on the rear of said road grader. . . ."

The transcript consists of approximately three hundred pages of testimony, and the trial court was of the opinion that it should have "properly stated to the jury in its charge that the failure of the defendant to have lights on the rear of the grader was the only act of negligence complained of by the plaintiff," and that their field of investigation must be limited to that cause of action. If there were lights as required, then the court was of the opinion that the action of the plaintiff in running into the grader from the rear was such an act of contributory negligence as barred him from recovery. The court does not expressly so state. The court, however, shows, by its memorandum opinion, that in the exercise of its discretion in determining whether justice required a new trial, the state of the record on this issue of contributory negligence was such "that the jury could get no clear understanding of what was actually taking place, and that it must have been confused in considering the matter."

The court reviewed the evidence and came to the conclusion that the physical facts indicated, if they did not conclusively show, that LaBree was driving carelessly and recklessly.

While the verdict of the jury on the disputed issues establishes the facts, and the holding of this court is uniform on the proposition that

such verdict is decisive of the facts (reference to Gunder v. Feeland, 51 N. D. 784, 200 N. W. 909, is sufficient on this point), this does not mean, however, that it can never be reviewed. Otherwise, insufficiency of the evidence to justify the verdict could never be a ground for reversal. It is not for the trial court to substitute his judgment for that of the jury; nevertheless, it is the duty of the court to see that justice is administered according to law.

The difference between an entire lack of evidence so as to justify judgment notwithstanding the verdict and the insufficiency of the evidence to justify the judgment is quite apparent. There may be evidence on all issues, and yet, when the whole atmosphere of the trial is studied in the light of the evidence adduced and the charge given by the court, it may appear to the district court that despite the fact that there was conflicting testimony, and a verdict rendered by the jury thereon, nevertheless, the main issue has not been sustained in a satisfactory manner so as to justify the verdict. This was the attitude of the trial court. In his judgment, he felt that the jury were confused as to the merits and strength of the main defense—contributory negligence. This discretion and opinion was based upon what the court deemed to be the unsatisfactory nature of the trial.

It is not easy, nor is it necessary, to state the limits of the court in acting in the furtherance of justice. That such power does exist is beyond question. As shown in Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72; Larsen v. Johnson, 43 S. D. 223, 178 N. W. 876, and numerous other cases in various jurisdictions, the object of the courts is to secure to the parties a fair and impartial trial. A trial court may be convinced that justice has not been done, and yet not be able to so point it out as to appeal to the judgment of both parties. And even this court, in passing on the same situation, may be inclined to disagree with the trial court; nevertheless, the trial court does have such unusual opportunities to see and understand the whole situation as are denied this court.

As a matter of law, we cannot say that the court abused its discretion in granting this new trial. It is well established in this jurisdiction that where the court exercises its discretion in granting a new trial because of what it believes to be the unsatisfactory nature of the evidence of the case so as to justify the verdict, such action will not

428

be reversed unless it is shown clearly that the discretion has been abused.

The general principle that "This court is reluctant to reverse orders granting new trials, and will only do so where abuse of discretion is clearly shown," as set forth in First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281, is applicable to this case, and is not confined merely to cases where it is claimed that there is newly discovered evidence, even though the latter ground may be a frequent ground for granting a new trial. In Blum v. Standard Oil Co. 68 N. D. 329, 279 N. W. 764, and Olson v. Carlson, 69 N. D. 732, 290 N. W. 243, the same general principle is announced.

We cannot say that in the situation here the trial court manifestly abused its discretion; and, therefore, the order granting the new trial is affirmed.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURKE, JJ., concur.